WILLIAM PALIN, *et. al. v.* JOHN G. SMALL.

Where an oral contract was made with the three members of a partnership personally, *Held*, that they could recover upon it in their joint names, without regard to *the style* of their partnership, although this had been set forth in the writ.

ASSUMPSIT, tried before *Pool, J.*, at Spring Term 1869 of the Superior Court of PASQUOTANK.

The writ was in the name of " William Palin, John Palin and Joseph Palin, partners, trading under the firm and style of Palin & Brothers; " but the declaration was in their joint names only, and was for a breach of warranty of soundness of certain articles, and a failure to deliver other articles according to an oral contract made by the defendant with the three plaintiffs jointly and in person.

The defendant asked the Court to instruct the jury that, as the writ was in the name of " William Palin, John Palin and Joseph Palin, partners, trading under the firm and style of Palin & Brothers," it was necessary for the plaintiffs to prove

PALIN *et. al. v.* SMALL.

that they were partners and trading as alleged; and that the· plaintiffs, having failed to introduce any evidence of that fact,. could not recover.

His Honor declined so to charge, but reserved the point.·

Verdict for the plaintiffs. Rule for a new trial upon the· point reserved.

Rule discharged. Judgment and Appeal.

No counsel, for the appellants.
*Phillips & Merrimon, contra.*

SETTLE, J. Had the writ in this case been issued in the firm name of "Palin & Brothers," without reciting the indi-vidual names of the persons composing the firm, the defect would have been fatal; for it is well settled ,that the writ must set forth accurately the name of each plaintiff and defendant.

But here the writ does set forth the full names of all the plaintiffs, with the addition that they are "partners trading under the firm and style of Palin & Brothers."

It is not pretended that the contract was not made with the plaintiffs William Palin, John Palin and Joseph Palin, but the defendant insists that as the writ recites that they were "partners trading under the firm and style of Palin & Broth-ers," the fact of partnership under such name should have been proved upon the trial.

His Honor held this to be unnecessary, and was of the opinion that these words in the writ should be regarded as surplusage. In this we concur. The addition of the firm name to the individual names composing the firm was not necessary, but being added it can do no harm, and will not subject the plaintiffs to any additional proof.

PER CURIAM.                         Judgment affirmed.·