JAMES C. COOPER v. AUGUSTINE LANDIS and others.

A gave his note with security to B, as trustee for C, in the sum of $500, and afterwards sold to B a lot of land for $300, executing therefor a deed to B in his individual right in fee s imple, with the understanding and promise on B's part that the $300 should be credited as part payment of the trust note of $500: *Held*, in an action against A and his sureties, to recover the trust note of $500, that he was not entitled to have the price of the land sold to B, to-wit, $300, credited on the said note, but was liable for the whole of said note, subject to the legitimate credits paid in cash.

*Held further*, that one of the sureties on said note having an account against the *cestui que trust* for goods, &c.. sold, which she promissd to pay out of her separate estate, such surety was not entitled in such action to which the *cestui que trust* was not a party, to a judgment or decree, directing the trustee to pay said account out of the rents, profits and interest of the trust fund, after making the *cestui que trust* a yearly allowance.

When a party alleges that a *cestui que trust* has assigned or charged a part of the trust fund by her contract, that is a matter in regard to which she has a right to be heard, and she will not be excluded by a decree in a case to which she is not a party. In such case, notice to the trustee is not sufficient to bind her.

Cooper *v.* Landis and others.

When a trust fund is improperly converted, the *cestui que trust* has her election, either to call for the original fund, or to follow the fund in its converted form.

(The case of *Knox* v. *Jordan*, 5 Jones Eq., 175, cited and approved.)

This was a CIVIL ACTION to recover the amount due on a bond, tried before his Honor Judge MOORE, at June Term, 1875, of GRANVILLE Superior Court.

The bond upon which the suit is brought is as follows:

" $500.00.

With interest from the date, we, Augustin Landis, principal, and William A. Philpot and A. Landis, Jr., sureties, promise to pay to R. H. Kingsbury, trustee for Mrs. S. J. Kingsbury, five hundred dollars for value received.

Witness, our hands and seals, this 6th day of September, 1860."

Signed, &c.

Upon this bond several credits were endorsed as being received by the payee before he was removed from the trusteeship of Sallie J. Kingsbury, by order of the Superior Court in July, 1873, since which time he has been a citizen and resident of the State of Texas.

The plaintiff, James C. Cooper, was appointed trustee in the place of Kingsbury at the date of the latter's removal.

A trial by jury being waived, his Honor Judge MOORE after hearing the evidence, found the facts of the case substantially as follows:

I. On the 7th September, 1868, the defendant, Augustin Landis, the principal obligor in the bond sued on, sold to Russell H. Kingsbury, who was at that time the trustee of Mrs. Sallie J. Kingsbury and held the bond sued on in trust for the said Mrs. Sallie J. Kingsbury, a certain lot of land situate in the town of Oxford for $300, and on said day executed and delivered to said Russell H. Kingsbury a deed in fee; that at, and before said sale, it was expressly agreed between said Landis and Russell H. Kingsbury that said

Kingsbury would accept the said deed as a payment to the extent of the price of said lot, to-wit: the sum of $300.00 upon the said bond; and that the said Kingsbury would endorse a credit of said sum on said bond; that the bond was not present at the time when the said agreement was entered into, and when the deed was delivered, Kingsbury having forgotten, as he told Landis, to bring said bond with him, assuring Landis, however, that he would immediately upon his return home endorse the said $300 as a credit upon the bond; and Kingsbury on the next day informed Landis that he had credited the bond as agreed upon.

Kingsbury was, on the 7th September, 1868, generally believed to be, and was reported entirely solvent, and that Landis participated in this general belief.

II. The plaintiff's *cestui que trust*, Mrs. Sallie J. Kingsbury, is justly indebted to Augustin Landis, one of the defendants and a joint obligor in the bond sued upon, in the sum of $237.59 for goods, wares and merchandize, by said Augustin sold and delivered to Mrs. Kingsbury during the year 1874, which goods, &c., were suitable and necessary to the fortune and condition in life of said *cestui que trust and her family.*

III. That after deducting the said sum of $300, paid by Augustin Landis to said Russell H. Kingsbury, and the several other payments endorsed on said bond, there will remain due and owing by said Augustin Landis to said Cooper, trustee and plaintiff, on said bond the sum of $65.83, as of the 5th July, 1875, the first day of the present Term of this Court.

IV. That at the time of the sale and delivery of the goods, &c., by said Augustin Landis to Mrs. Kingsbury, it was arranged and understood by and between the said Augustus Landis and Mrs. Kingsbury, that the amount due said Landis for the goods, &c , should be paid out of the separate es-

COOPER v. LANDIS and others.

tate of Mrs. Kingsbury, in the hands of J. C. Cooper, her trustee.

Upon due consideration of the foregoing facts, and after argument, it is ordered and adjudged :

I. That the said Augustin Landis is entitled to have a payment of $300, as of date 7th September, 1868, entered on said bond and deducted therefrom.

II. That said Augustin Landis pay over to said J. C. Cooper, trustee, the sum of $65.83, balance due on said bond, with interest thereon from the 5th July, 1875, till paid.

III. That the said J. C. Cooper, trustee as aforesaid, pay to Augustin Landis, out of the rents and profits of the real estate and the interest on the funds held by him in trust for the said Mrs. Sallie J. Kingsbury, the sum of $237.59, and interest thereon from 5th July, 1875, until paid; first deducting from said rents, profits and interest, the sum of $500 for the use of Mrs. Kingsbury. And if the yearly rents, profits and interest, after deducting the $500, shall not be sufficient to pay off and discharge the said sum of $237.59, then, and in that case, the said Cooper, trustee as aforesaid, shall year by year pay over to the said Augustin Landis whatever amount there may remain of the said rents, profits and interest, after deducting therefrom the said sum of $500, till the said sum of $237.59 and interest shall be paid.

From this judgment, the plaintiff appealed.

*Hays & Peace*, and *Busbee & Busbee*, for appellant.
*Batchelor* and *Haywood*, contra.

PEARSON, C. J. 1. His Honor erred in ruling that the $300 should be deducted from the amount of the note sued on. Russell Kingsbury held a fund for the separate use of Mrs. Sallie Kingsbury during her life, and then for the use of her children with limitations over.

34

The note sued on is a part of this fund. It is payable on its face to Russell Kingsbury, trustee for Mrs. Sallie Kingsbury. So the defendant, Augustin Landis, is fixed with express notice at the time he executed the deed to Kingsbury for the price of $300, which Kingsbury was to pay, by allowing it in part payment of the note, and agreeing to enter a credit for that amount on the note.

If the deed had declared a trust for the separate use of Mrs. Kingsbury during her life, and then to the use of the children, &c., Landis might have supposed that Kingsbury was merely converting the fund from a note into land, but the deed conveys the land to Kingsbury absolutely and without mention of the trust. It follows that Landis was obliged to know that Kingsbury was committing a breach of trust, and this knowledge makes him *particeps criminis.*

When a trust fund is improperly converted the *cestui que trust* has his election, either to call for the original fund, or to follow the fund in its converted form. In this case the election is, to demand the original fund. Russell Kingsbury is bound to account for the full amount of the note, and Augustin Landis is bound to do the same thing because of his guilty participation in an attempt to commit a breach of trust.

This is familiar learning. We can only account for the error of the learned Judge on the supposition that he gave too much weight to the agreement of Kingsbury to *enter* the $300 on the note as a credit and to his assurance that the credit was entered, and acted on the maxim, "equity considers that as done which ought to have been done."

Whether the credit of $300 was entered on the note or not, did not affect the question of the right of Landis to have the benefit of the price of the lot as a payment. We have seen that by his participation in the breach of trust, he was subject to the equity of the *cestui que trust* to claim

the fund in its original shape. If Kingsbury had entered a credit of $300 *cash received*, on the note, that entry would have been open to explanation, and upon its being proved that cash was not paid, but a lot of land was conveyed to Kingsbury, *for his own use and behoof*, the Court would have treated the entry as nothing more than the fact, that the defendant Landis had conveyed to Russell a lot of land in fraud of the trust and was not entitled to a credit on the note, for the stipulated price. Admit that Kingsbury committed a fraud on Landis by not entering a credit for the price of the lot on the note, that does not purge the fraud upon the *cestui que trust* in which the defendant Landis knowingly participated, for the sake of selling the lot.

2. We also think his Honor erred in making a decree that the plaintiff pay the account of Augustus Landis out of the profits of the trust fund. This, in effect, is a decree against Mrs. Kingsbury, who is not a party to the action, and had no opportunity of being heard. She was treated with as one capable of making a contract, notwithstanding her coverture. This of course assumes that she was one who had a right to be heard before a decree could be made against her separate estate. But it is said she was represented by the plaintiff, who was her trustee. This fallacy misled his Honor. It is a fallacy, and a misapplication of a familiar rule. In an action by or against a trustee for the recovery of the fund or a part thereof, the *cestui que trust* need not be made a party. So, in an action by or against an executor or administrator, for property which he claims to belong to the estate, the creditors, or legatees, or distributees should not be made parties. In such actions the trustee represents the *cestui que trust*, and the executor or administrator represents the creditors, &c. But the question under consideration does not involve title to the trust fund, but a collateral claim set up by a supposed creditor of the *cestui que trust*, to be paid out of the fund by reason of a con-

tract made with the *cestui que trust*, charging or assigning the fund *pro tanto*.

In respect to this contract, the trustee does not represent the *cestui que trust*, and has no concern with it. Suppose one brings an action against an administrator, alleging that he is the assignee of a distributee for valuable consideration, and demanding that the share be paid to him ; would it enter into the head of any one to conceive that the action could be maintained without making the distributee a party, so as to give him a hearing in respect to the assignment, and to protect the administrator by concluding the question of assignment ? Could it be said the administrator represents the distributee, and will defend his right ?

The truth is, that is a matter about which the administrator knows nothing and with which he has no concern. So in our case whether Mrs. Kingsbury had made a contract by which she assigned her interest in the fund by charging it *pro tanto*, was a matter about which the trustee had no concern; his duty is to collect and keep the fund, and to that extent he represents Mrs. Kingsbury ; but when a party alleges that she has assigned or charged a part of the fund by her contract, that is a matter in regard to which she has a right to be heard, and she will not be excluded by a decree in a case to which she is not a party. We do not mean to say that the decree could have been sustained had Mrs. Kingsbury been a party, but we do say that to allow one of these defendants to recover against the plaintiff, and to have judgment to be paid out of a fund in his hands as trustee because of an alleged indebtedness of the *cestui que trust*, is extending the idea of " affirmative relief " to a defendant, and going beyond what the framers of C. C. P. ever dreamed of.

Apart from all this, we have a fund in the hands of a trustee for the separate use of a married woman for life, and then to her children. The plaintiff is a trustee, put in the place of a first trustee. It was the legal duty of Mr. Kings-

bury, as husband to support his wife and her children without drawing on the separate fund, provided he was able to do so. How this was, does not appear, but it is settled law in this States that a *feme covert* cannot make a contract by which to charge her separate estate, without the concurrence of her trustee. *Knox* v. *Jordan,* 5 Jones Eq., 175.

The Marriage Act (chap. LXIX, Battle's Rev.) does not apply to cases where the property is secured to the wife by marriage settlement, or deed of gift or will. The property is thereby secured to her by act of the parties. The object of the act (Battle's Rev., chap. LXIX, sec. 17) is to secure the property to the wife by act of law when it has not been done by act of the parties ; who may make restrictions and limitations over ? At any rate, Mrs. Kingsbury was not a free trader, and the defendant had no right to contract with her without the concurrence of the trustee, who was at hand and ought to have been consulted. Error. Reversed, and judgment for plaintiff, on the facts found, for the balance of the note, without deducting the $300.

The Clerk of this Court will ascertain the amount of such balance, *minus* the endorsed credits. So much of the judgment as makes a charge on the fund for the amount of goods "sold and delivered" to Mrs. Kingsbury is reversed.

Costs to be paid by defendants.

PER CURIAM.                                    Judgment reversed.