COWAN, McCLUNG & CO. v. W. R. BAIRD and others.

*Demurrer--Pleading--Surety and Principal.*

1. A demurrer to a complaint, upon the ground that the same fails to state affirmatively that the plaintiffs constitute a firm, and also fails to set out the names of the individuals composing the firm, is frivolous and entitles the plaintiffs to judgment.

2. If one sign a note as surety, in the presence of an agent of the obligee, with the *mutual* understanding that he is not to be thereby bound unless one W shall also sign the same as surety, he is not liable thereon unless the note is so signed by W.

CIVIL ACTION tried at Spring Term, 1877, of BUNCOMBE Superior Court, before *Furches, J.*

This was an action on a note executed to the plaintiffs by the defendants. The plaintiffs moved for judgment on the ground that neither the answer of Baird nor the demurrer of the other defendants raised any issue of law or fact material to the case. The Court overruled the motion and held that said answer and demurrer did raise an issue of fact and law, and were not frivolous. From which ruling the plaintiffs appealed.

*Mr. J. H. Merrimon,* for plaintiffs.
*Messrs. Busbee & Busbee* and *W. H. Malone,* for defendants.

FAIRCLOTH, J. The complaint alleges that defendants made their promissory note payable to plaintiffs, and that no part thereof has been paid. The defendants admit these allegations.

All the defendants, except Baird, demur to the complaint on the ground that it does not state affirmatively that the plaintiffs constitute a firm, nor who compose the firm of Cowan, McClung & Co. On reading the complaint it is

plain that the demurrer is frivolous, and the plaintiffs were entitled to judgment against these defendants.

The defendant, Baird, filed an answer and for his defence says : That he signed the note in the presence of plaintiffs' agent, as security, with the understanding on his (Baird's) part that he would not be bound, unless one Weaver should also sign the note as security, and that he signed it with the express understanding that Weaver would sign it ; that the note was then handed to said agent, and that it was never signed by Weaver.

The plaintiffs say the agent did not accept the note with such understanding. This presents a question of fact to be determined by a jury, and we can express no opinion about it, except to say, that if said understanding was mutual, the defendant, Baird, is not liable because the condition precedent has not been performed, but if it was not mutual, he is liable. The bond was signed and delivered, and the intention of one party not participated in by the other, cannot avoid it.

Let judgment be entered here against all the defendants, except Baird, and the case be remanded for further proceedings.


PER CURIAM.                    Judgment accordingly.