State on relation of ATTORNEY GENERAL v. R. SIMONTON, Executrix, and others.

*Practice—Action to Vacate Charter of Corporation—Interpleader by Judgment Creditor—Private Corporation—Non-user of Franchises—Estoppel.*

1. Under C. C. P. §§ 65, 66, a Court has power to allow a judgment creditor of a corporation to interplead to an action in the nature of a *quo warranto* brought by the Attorney General to annul and vacate the charter of the corportion.
2. A bank which issues bills for circulation as money is a *public* corration; but a bank, which, beyond a power to contract in its corporate name, has no powers beyond those which every other person possesses, must be deemed a *private* corporation.
3. In an action to vacate the charter of a private corporation for the non-user of its corporate franchises, when the non-user complained of was an omission on the part of the corporators named in the Act of incorporation to organize under it; *Held* to be insufficient to warrant the relief demanded.
4. Where the corporators of a private corporation, without having created any shares of stock, or organized in any way, or paid into the corporate fund the capital which the law says shall be paid up, pretend to be incorporated and hold themselves out to the world as a corporation, they are estopped, as to those who deal with them on the faith of their representations, to deny the existence of the corporation.
5. The State is not interested in the right of an individual to an office in a private corporation.

CIVIL ACTION, in the nature of a Quo Warranto tried at

Fall Term, 1877, of IREDELL Superior Court, before *Cloud, J.*

This action was brought by the plaintiff upon the representations of parties interested under C. C. P. § 366, to annul the charter of the Bank of Statesville. The plaintiff moved for judgment on the complaint for want of an answer, and thereupon T. L. Patterson and others being judgment creditors of the Bank asked leave to interplead, which was refused upon the ground that as a matter of law the motion could not be entertained.

The complaint alleged substantially upon information and belief:—

1. That authority was given to certain corporators, by an Act to charter the Bank of Statesville, (Private Laws 1869-'70, ch. 64,) to open books of subscription, and when 200 shares were taken and the money paid in, the stockholders so subscribing were authorized to meet and organize the corporation; but that no books of subscription were ever opened, nor organization had, by which the privileges conferred by said charter could accrue.

2. That R. F. Simonton, now deceased, without the knowledge and consent of the other corporators, caused to be writt n in a book procured by himself the form of a subscription of stock, and the names of the other corporators as subscribers for five shares each, the price of which was never paid by them; and that he advertised that said Bank was organized, he being the cashier, and the other corporators, directors, &c., and it is alleged that they held said offices and conducted the Bank without authority of law.

3. That said Simonton made a last will and testament in which he devised and bequeathed all his estate to his wife, the defendant, and appointed her sole executrix, who has taken possession of all the assets of said Bank, and contin-

ues to usurp the authority exercised by her testator. Demand for judgment that the charter be vacated, &c.

Judgment for plaintiff. Appeal by defendants.

*Messrs. Shipp & Bailey* for plaintiff.
*Messrs. Jones & Johnston, R. F. Armfield, M. L. McCorkle* and *G. N. Folk,* for defendants.

RODMAN, J. This is an action in the nature of *quo warranto* seeking to vacate and annul a charter creating a corpora tion to be called the Bank of Statesville. Some of the defendants disclaimed being stockholders or officers of the corporation. The others submitted to a judgment by default. Pending the proceedings, Patterson and others claiming to be judgment creditors of the Bank, applied to be allowed to interplead on behalf of their several interests· The Judge refused to allow them to do so on the ground that by the law he had no authority.

We do not know what construction he put on sections 61 and 65 of C. C. P. It seems to us that these sections gave the Judge ample power to enable those persons claiming to be creditors to become parties. They claimed interests in the controversy adverse to the plaintiff, and even if a complete determination of the controversy could be had without their presence, justice required that it should not be made to their prejudice. On this ground we should remand the action to allow them to become parties, if on other grounds our opinion was not against the plaintiff, so that they have all that if parties they could have claimed in this action.

The object of this action is to vacate and annul the charter granted to the Bank of Statesville, by the Act of Assembly of 1870, and several grounds are alleged in support of the demand for that judgment.

1. There is no doubt that the charter of a public corpo-

ration may be declared forfeited by a non-user of its corporate franchises, for they are granted for the public good, and this is more especially true when they partake, in any degree as they generally do, of the nature of a monopoly. A Bank which issues bills for circulation as money, may be regarded as a public corporation; but a Bank, which, beyond a power to contract in its corporate name, has no powers beyond those which every other person possesses, must be deemed a private corporation. And it may be considered doubtful whether merely by reason of an omission to use its franchises which are given only for its private benefit, it can be held to have forfeited its charter; that is, the right to act again when its members shall think it for their interest to do so. If the charter be to run a mill of any sort, and for that purpose to act and contract as a corporation, no general public interest will be affected, if finding the business unprofitable, it should suspend its operations; and to do so would scarcely be considered a ground for the State to destroy its corporate existence. Field Corp., § 459, and cases cited.

However that may be, this at least seems clear in reason, that the non-user complained of in the case of a corporation chartered only for the private gain of its members, and having no privileges beyond those of natural persons, and owing no chartered duties to the public, must not consist merely of an omission on the part of the corporators named in the Act of incorporation to organize under it. If they have never organized under the charter, they have simply refused to accept it, and to become a corporation, and it can be of no moment to the State whether the Act remains a dead letter or is formally repealed. In such a case the Assembly might clearly repeal the Act, though it is doubtful if the Court could annul it; for that would be simply to repeal an Act of the Assembly.

It is true that if the corporators named in the Act, or

any one or more of them, without having created any shares of stock, or organized in any way, or paid into the corporate fund the capital which the law says shall be paid up, pretend to be incorporated and hold themselves out to the world as a corporation, they would be estopped, as to those who dealt with them on the faith of those representations, to deny them.

That is what is alleged in the complaint in this case: There were no books of subscription for stock opened, only five shares of stock were subscribed for and that not *bona fide*, no capital was ever paid in, and no organization as a corporation was ever had. The charter was in fact not accepted by the corporators, and no corporation was ever formed. It may be that Simonton, who falsely represented the corporation as having an existence and that he was its cashier, and others if any who falsely held themselves out as directors, &c., were amenable to the criminal law for false pretenses. Certainly all who so held themselves out are estopped as to those who dealt with the supposed corporation to deny its existence.

The consequences of the dissolution of a corporation by a judicial declaration or otherwise, may be assumed to be known. But what would be the effect of a judicial declaration that a corporation had never had an existence, which is what is demanded in this action, on the rights of those who dealt with it through its supposed officers, it would be difficult to say. We were cited to no precedent of such judicial action. There were deposits received in the corporate name, thus creating debts apparently of the corporation. There were funds and other property held in the corporate name and as its property. If there never was a corporation, there can be no creditors of the corporation, and they can have no claim against the supposed corporate property, but only against those who falsely represented themselves as corporate officers.

We are of the opinion that there is no ground alleged on which we can declare the charter null or forfeited, or that the supposed corporation never existed. As to those who dealt with it, it did exist. It would be strange indeed if after a Bank has been held out to the world as a corporation for many years and through persons calling themselves its officers, has had large and various dealings with the public, and has perhaps acquired large corporate property in money and lands, it should be competent or just for any Court to declare that there never was such a corporation, and thus in some cases destroy or impair the rights of those who *bona fide* dealt with it, upon the ground that it does not appear to have been regularly organized, or that its capital was paid up. These are matters about which the public can have no information other than from what appears on the face of things.

2. The other grounds alleged in the complaint may be briefly disposed of. It is said that Simonton during his life usurped the office of cashier of the Bank. But he had died before the commencement of the action, and his supposed usurpation had ceased, and if others who are living usurp the same or other offices, it is difficult to see how the State can be interested in the right of an individual to an office in a private corporation,—as for example, to the office of Treasurer or Book-keeper of a Railroad Company, which for some purposes is a public corporation. This supposes that the corporation has or had an existence. But if it never did legally exist, as the complaint alleges, the State can have no interest to be asserted by this form of action in any pretences to be its officers however false. Besides, nobody claims any of these offices and the defendants all disclaim them and the corporation has ceased to act,

Judgment reversed and action dismissed.

PER CURIAM.                    Judgment reversed.