BANK OF STATESVILLE v. ROXANA SIMONTON.

*Trusts and Trustees—Land charged with payment of fund.*

The managing officer of the Bank of Statesville became indebted to the bank in a large sum of money which he used in the purchase of land, and died leaving a will devising it to his wife ; *Held*, that the fund used in the purchase is the property of the bank and the land charged with its payment. The case of *Attorney General* v. *Simonton*, 78 N. C., 57, approved, as to the existence of the bank as a corporation.

(*Attorney General* v. *Simonton*, 78 N. C., 57 ; *King* v. *Weeks*, 70 N. C., 372 ; *Cooper* v. *Landis*, 75 N. C., 526, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of IREDELL Superior Court, before *Seymour, J.*

Verdict for plaintiff, judgment, appeal by defendant.

*Messrs. J. M. Clement* and *D. M. Furches,* for plaintiff.
*Mr. G. N. Folk,* for defendant.

SMITH, C. J. The Bank of Statesville, professing to act under the act of incorporation granted by the general assembly in 1870, commenced operations and a banking business under the management of R. F. Simonton, as cashier,

and so continued for some years, and until his death in 1876, when it and his estate were found to be insolvent.

Simonton deposited in the bank, as part of its capital stock, ten thousand dollars in bonds issued by the county of McDowell, which he subsequently withdrew and used in the purchase of certain real estate in or near Statesville, then known as the " Concord Female College," and since, as the " Simonton Female College," the title of which he caused to be made to his wife, the defendant. The testator who, as cashier, had the entire control of the banking operations, became himself also indebted to the bank, for its funds taken and used in a large sum which he was owing at the time of his death, and this action is prosecuted by the receiver, on behalf of its creditors, to recover the same from the executrix and to pursue and charge the said lands, so conveyed to her, with the value of the funds used in the purchase.

The defence set up is that there never was any legal organization under the charter, and that the corporate name was assumed by the testator, in which he conducted a banking business separate from his other business, and that the liabilities incurred in both are personal and alike to be provided for out of his personal and real estate, as such.

The defendant insists that the gift to her of the land is valid under the act of 1840, as the testator then had ample funds to satisfy all of his then creditors, and she relies upon the protection of the statute of limitations.

In the suit instituted to annul the charter and dissolve the corporation, (*Attorney General* v. *Simonton*, 78 N. C., 57,) when all the irregularities and defects, attending the origin of the corporation, were, as they now are, before the court, RODMAN, J., delivering the opinion, says: " Certainly all who so held themselves out are estopped to deny ' the existence' of the corporation. * * * As to those who dealt with it, it did exist. It would be strange indeed if after a bank has been held out to the world, as a corporation for

many years, and through persons calling themselves its officers has had large and various dealings with the public, and has perhaps acquired large corporate property in money and lands, it should be competent or just for any court to declare, that there never was such a corporation, and thus in some cases destroy or impair the rights of those who *bona fide* dealt with it upon the ground that it does not appear to have been regularly organized or that its capital was paid up."

If the separate existence of the bank as a corporation is to be assumed for the benefit of those to whom it has become indebted for moneys deposited or otherwise, and for whose benefit the receiver is suing, it is plain the testator's debt must be treated like that due by any other debtor, and the action is the proper mode of ascertaining and establishing its amount.

It is not less clear, that the trust funds may be followed in their investment in the female college property, and it, in the defendant's hands, be charged with the payment of the value of the fund thus appropriated and expended. 2 Story Eq., §1210; Ath. Mar. Sett., 443; *King* v. *Weeks*, 70 N. C., 372; *Cooper* v. *Landis*, 75 N. C., 526.

The title in the defendant cannot be sustained as a gratuity under the act of 1840—Bat. Rev., ch. 50, § 3—for the reason that it was not the property of the testator which he undertook to bestow upon his wife, but in equity that of the bank, and of which his attempted disposition was an act of spoliation and abused trust.

The statute of limitations has no application to the case and has not been relied upon in the argument before this court.

There is no error in the record, and the judgment must be affirmed.

No error.                                        Affirmed.