*A. D. WADDELL, Adm'r, v. FRED J. SWANN.

*Transaction with person deceased—Witness—Section 590.*

1. A witness, party to the action, is not prohibited by section 590 of THE CODE from testifying as to communications made to other witnesses.   Here, it does not appear that the declarations of the witness were made in the life-time of the deceased, or in his presence, if then made; and the court holds that they are in no sense transactions or communications with the person deceased.

2. Section 580, disabling a party from giving evidence, applies to cases where both parties are living, and does not interfere with the operations of section 590.

(*Lockhart* v. *Bell*, 86 N. C., 443 and 90 N. C., 499; *Woodhouse* v. *Simmons*, 73 N. C., 30, cited and approved.)

*Mr. Justice ASHE did not sit on the hearing of this case.

CIVIL ACTION, tried at December Special Term, 1884, of of MOORE Superior Court, before *MacRae, J.*

The defendant appealed from the ruling and judgment of the court below.

*Mr. R. P. Buxton,* for plaintiff.
*Messrs. J. W. Hinsdale* and *W. E. Murchison,* for defendant.

SMITH, C. J.   This action, brought by the plaintiff as administrator of Ann J. Swann, is to recover the amount due on a note under seal, executed by the defendant to the intestate on May 5th, 1862, for the payment, one day after date, of the sum of six hundred eighty-seven dollars and twenty-six cents.   The defences set up in the answer, which admits the making of the note as described in the complaint, are, that the debt has been paid; that the presumption of payment arises from the lapse of time under the statute since January 1st, 1870; that the note is subject to reduction according to the legislative scale.   And further, that the defendant has a counter-claim of larger amount than the plaintiff's demand.   To the counter-claim the plaintiff sets up the statute of limitations as a bar.

The counter-claim was not insisted on, and the only inquiry submitted to the jury seems to have been (for no formal issues are found in the record) whether the note had been paid.

To rebut the statutory presumption and negative the inferred payment, the plaintiff introduced witnesses whose testimony tended to show that the defendant in the year 1882, (whether before or after the intestate's death, which occurred the same year, the record fails to show) acknowledged that he owed the note.

To meet and disprove this evidence, the defendant offered himself as a witness in respect to conversations deposed to,

and proposed to testify that they did not occur, and that all he did say was simply that, "there was a note against him." Upon the plaintiff's objection the court ruled that the defendant was incompetent to testify to these matters under the inhibition of THE CODE, § 590, and refused to permit the examination. The exception to this ruling presents the only question brought up by the defendant's appeal.

The section referred to forbids the examination of a living party to an action depending between himself and the representative of one deceased in reference to any transaction or communication which passed between them, closing the mouth of the living witness when death has sealed the lips of the other.

It does not appear that these declarations were made in the lifetime of the intestate, nor, if then made, in her presence, so that if living she could testify in relation to them. So that in no sense are they transactions or communications with her. On the contrary the acknowledgments were uttered only in the hearing of the witnesses who prove them. As remarked in *Lockhart* v. *Bell*, 86 N. C., 443, where the competency of the creditor to testify to an endorsement in his own handwriting on a note of partial payment as put there by himself, in the absence of the debtor, was drawn in question, the court say: "The fact to which the testimony is pertinent, being shown to have occurred out of the presence of the deceased and in no sense a transaction with her, (and we see no reason why the preliminary matter affecting the competency of the party to testify may not be proved by him as well as by an indifferent witness), the statutory impediment is removed, and the objection ceases to have force."

This ruling was affirmed, and the construction put upon the disabling act approved upon the rehearing of the cause at a subsequent term. *Lockhart* v. *Bell*, 90 N. C., 499.

The cases in which the act was required to be interpreted

are numerous, and will be found at the foot of section 590 of THE CODE.

The act of 1883, ch. 310, disables a party to an action on a judgment rendered or bond executed before August, 1868, where the suit was commenced before that date, from giving evidence, unless the defendant relies on an actual payment or pleads a counter-claim, and introduces himself to establish the defence. This enactment applies to such actions as are mentioned where the parties are both living, and was not intended to interfere with the operation of section 590, since in express terms it concludes, "But in all such cases the rules of evidence as contained in this CODE shall prevail." Section 580.

It was therefore error in the court to refuse to hear the testimony of the defendant as to what he said to the witness, so that the jury could properly estimate the value of the evidence. The defendant did not offer to prove that *payment had been made*, for this was inadmissible under the ruling in *Woodhouse* v. *Simmons*, 73 N. C., 30, but to *disprove his alleged admissions of a continuing indebtedness* upon the note, and we see no reason against his doing so.

There is error and must be a new trial. Let this be certified.

Error.                                          *Venire de novo.*