JOHN U. SMITH v. SAM'L T. SMITH, Adm'r.

*Evidence—The Code,* §580.

An administrator of a deceased debtor who is a defendant, is rendered incompetent by §580 of *The Code,* to testify to any admissions which he may have heard his intestate make in regard to the non-payment of a bond executed prior to August 1st, 1868.

(*Waddell* v. *Swann,* 91 N. C., 105; overruled).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Connor, Judge*, at August Term, 1886, of ORANGE Superior Court.

There was a judgment for the plaintiff, and the defendant appealed.

The facts appear in the opinion.

*Mr. John W. Graham*, for the plaintiff.
*Mr. John Manning*, for the defendant.

SMITH, C. J.   The present action was begun on June 22d, 1886, before a justice of the peace, and by the defendant's appeal removed to the Superior Court of Orange county, and is upon three several bonds for the payment of money, made by Calvin, the intestate of the defendant, in the years 1849, 1852 and 1857.   The defence set up in the answer is payment, in support of which the defendant relies on the statutory presumption by the lapse of time.

To rebut the presumption, besides other evidence of admissions of the deceased debtor. the plaintiff introduced the defendant himself, and, after objection to his competency made by the defendant and overruled, was permitted to examine the witness to prove other and similar declarations of his intestate, and he testified that he heard his father say, some time before his death, that he owed his brother John, (the plaintiff,) and wanted the principal of the debt paid. The competency of this witness to testify in this case, under the disabling act of 1883, *The Code*, §580, is the only question we propose to consider.   The ruling of the Court is in accordance with what is said in *Waddell* v. *Swann*, 91 N. C., 105, in putting a construction upon the act, and, as we suppose, was made upon its authority.   In that case, the ruling was as to the admissibility of evidence from the defendant, in contradiction of declarations of himself, drawn out from other witnesses by the plaintiff under §590.   The Judge in

the Court below held, not that the defendant was an incompetent witness for any purpose, but that he could not testify to this particular matter. In this he was overruled. It was needless, therefore, to consider the act of 1883, and upon a more careful consideration, we are satisfied that the interpretation which confines its operation to cases in which the parties supposed to be personally cognizant of the disputed fact are before the Court, is erroneous, and we recall it. The term "no person who is or shall be a party to an action founded on," &c., is too broad and comprehensive to be thus restricted, though the protection of the debtor is mainly secured by refusing to let testify the persons who are presumed to know whether the debt has or has not been paid, yet the act is far reaching, and it excludes the personal representative as well, and indeed every one who is a party to the suit, and many who are not parties.

There is another inadvertence in setting out the terms of the statute. The disabling effect is limited to actions commenced *after* and not *before* August, 1868, as stated in the opinion.

There is error in permitting the defendant to be examined, for which the verdict must be set aside and a *venire de novo* awarded.

Error. Reversed.