WILLIAM RICH v. RUFUS HOBSON.

*Claim and Delivery—Demand—Possession of Crop.*

1. Where, in his answer in an action of claim and delivery, the defendant tenant denies that the crop, for the possession of which the action is brought, is vested in the plaintiff landlord, such denial avoids the necessity of proving a demand before the commencement of the action.

2. Where, in a contract between the landlord and tenant, no time was fixed for the division of the crop, the landlord was not obliged to wait until the whole crop had been gathered, but had a right to bring his action for the possession of the crop before it was fully harvested. .

CIVIL ACTION, with claim and delivery proceedings, tried before *Bryan, J.,* and a jury, at Spring Term, 1892, FRANKLIN Superior Court.

The action was commenced on the 16th day of October, 1891, and claim and delivery proceedings taken out the same day, under which the crops were seized by the Sheriff for the plaintiff the same day, but the defendant gave the undertaking and retained the crop. No demand was made by the plaintiff upon the defendant for the crop, or any part thereof, or the payment of his account before the action was commenced. The crop was being gathered by the defend-ant at the time of the commencement of the action, but had not been prepared for market, except some tobacco, which the plaintiff sold and for which he accounted with the defendant. Only a portion of the cotton had been gathered from the patch, but none of it had been picked. After the commencement of the action, and before the trial thereof, the defendant, as he gathered the crop and pre-pared the same for market, delivered to the plaintiff the one-half thereof, which the plaintiff received in settlement of his share of the crop, but it was agreed that this should be without prejudice to this action, and the plaintiff and defendant together, out of the proceeds of the crop, should settle for the guano.

The contract between the parties is as follows:

" Know all men by these presents : That I, William Rich, of the first part, have bargained with Rufus Hobson, of the second part, for the year 1891, on the following terms : That he, the said Rufus Hobson, is to be as common ten-ant on halves for all the crops grown in the present year, and I, the said William Rich, am to furnish the said Rufus Hobson two plow horses or mules and one oxen, together with good tools, etc., and he is to furnish provisions to the amount of one hundred and fifty dollars, and I, the said Rufus Hobson, do hereby bind myself, and pledge my word and honor, to work to the best of my ability in all the crops,

and to take care of all the teams and tools in my care, or should I fail to do so, the said William Rich shall have power to take charge of the crop and team and work to his advantage. We hereby both agree to comply with the above contract. In testimony, set our hands and seals, this 9th day of January, 1891. "WM. RICH,
"RUFUS HOBSON.
"Witness—A. HINTON."

The Court submitted the following issues:

1. Is the plaintiff the owner and entitled to the possession of the crops made on plaintiff's land?

2. Did the defendant, Hobson, dispose of or consume any part of the crop raised on the land of plaintiff, and in which plaintiff had an interest before the commencement of this action?

3. What was the value of the crop at the time of the commencement of this action?

4. What is the amount due the plaintiff on his account for supplies?

5. What damage has the defendant sustained by reason of the alleged failure of the plaintiff, Rich, to comply with his part of the contract?

The defendant admitted that the value of his share of the crop was equal to the amount of the account which the plaintiff claimed, so the third issue was not submitted to the jury. It was agreed that the answer to the fourth issue should be $140.04, with interest from 16th of October, 1891, till paid, less $4.40. The Court reserved the first issue, and submitted to the jury the second and fifth issues. To the second issue the jury responded, No, and to the fifth issue, seventy-five dollars. The Court then answered the first issue, Yes, to which the defendant excepted, and then gave

judgment for plaintiff, to which the defendant excepted and appealed.

Messrs. F. S. Spruill and Batchelor & Devereux, for plaintiff.
Messrs. C. M. Cooke and W. M. Person, for defendant (appellant).

BURWELL, J.: The answer of the defendant expressly denied that the crop, for the possession of which this action is brought, was vested in the plaintiff. This denial avoided the necessity for any demand before the commencement of the action. Under the provisions of section 1754 of The Code a tenant holds the actual possession of a crop for and in behalf of the landlord in whom it is "deemed and held to be vested in possession" until all rents and advancements are paid. Hence, such being the relation of the parties, the denial by defendant of his landlord's title to the crop, as in cases where a principal sues his agent and the latter denies the agency, "raises a state of antagonism inconsistent with the purpose of a demand," and "is tantamount to saying that any demand would have been an idle ceremony." Waddell v. Swann, 91 N. C., 105; Wiley v. Logan, 95 N. C., 358.

It is further contended that this action cannot be maintained, because when it was commenced only a portion of the crop had been gathered, and none of it had been disposed of or consumed, and therefore the plaintiff, though the owner of it according to the provisions of The Code (section 1754), was not entitled to the possession.

In the contract between the parties no time was fixed for the division of the crop. Hence, the landlord was not obliged to wait till the whole crop was gathered. Smith v. Tindall, 107 N. C., 88. And, besides, the defendant's

denial of his landlord's right entitled the latter to maintain this action. *Livingston* v. *Farish*, 89 N. C., 140.

It is stated that the defendant excepted to the judgment rendered against him. No specific exception was filed, and the case does not point out the error complained of, and none was called to our attention on the argument.

Affirmed.