HEATH, MORROW & CO., v. JOHN F. MORGAN et al.

*Claim and Delivery—Parties—Defective Designation of Parties—Pleading—Demand.*

1. The designation of the plaintiffs in a summons and complaint in an action of claim and delivery, as "H. M. & Co" without setting out the individual names of the persons composing the firm, is a fatal defect on demurrer.

2. In an action against a married woman for the possession of personal property claimed by the plaintiff under a chattel mortgage given by her husband, where it is alleged in the complaint and admitted of demurrer that the husband is a nonresident and a fugitive from justice, the husband is not a necessary party.

3. Where, in an action of claim and delivery for the possession of personal property, the complaint alleges that defendants are "in the unlawful and wrongful possession of the property and unlawfully withhold the possession from plaintiff," and the defendants admit the complaint by demurrer, the complaint is not defective in its failure to allege a demand.

4. It is no ground for demurrer to the complaint that the summons describes one defendant as "Mrs. M.," where her name is given in full in the complaint.

ACTION heard upon complaint and demurrer before *Timberlake, J.*, at Fall Term, 1895, of STANLY Superior Court. The action is brought for the recovery of certain personal property and plaintiffs invoke the remedy of claim and delivery and file the usual affidavit and undertaking.

Plaintiffs complaining allege:

"That they are the owners and entitled to the immediate possession, by virtue of certain chattel mortgages executed to plaintiffs by S. T. Morgan, of the following described property, to-wit: One mouse colored mare, one red horned cow, one pieded horned cow, one white pieded cow, one red cow, one white bull, described and conveyed in the said chattel mortgage.

"2. That the property is worth about the sum of one hundred dollars.

"3. That defendant, Mrs. S. F. Morgan, wife of S. F. Morgan, and defendant J. F. Morgan, son of said S. F. Morgan, are in the unlawful and wrongful possession of the property and unlawfully and wrongfully withhold the possession from plaintiff.

"4. That S. F. Morgan, husband and father of defend-

HEATH *v.* MORGAN.

ants, is not now living with his family and has gone out of this State under a charge of felony, and is a non-resident of this State as he was at the time of the commencement of this action. Wherefore, plaintiffs demand judgment for possession of the property; for the value in case actual possession cannot be had; for $50 damage for unlawful detention and deterioration in value, and for general relief and costs."

The case having been removed to Stanly county for trial the defendants in due time filed the following demurrer to the complaint:

"1. For that the names of the parties plaintiff either in the summons or complaint are not given.

"2. For that the action is brought against a married woman to foreclose a chattel mortgage executed by her husband, and the husband is not made a party.

"3. For that the action is brought against the defendants, who are alleged to be in the possession of certain personal property mortgaged to plaintiffs by the husband of the *feme* defendant, but the complaint does not allege that a demand for the possession of said property was made of the defendants before action commenced, nor a wrongful conversion of the property by defendants.

"4. For that the summons in the action simply designates one of the defendants as Mr. Morgan."

The Court overruled the demurrer and the defendants excepted. Plaintiff then moved for judgment on the ground that the demurrer was frivolous and the court gave judgment declaring the demurrer frivolous and for the recovery of the property, or its value. Defendants excepted and appealed.

*Messrs. F. I. Osborne* and *D. A. Covington,* for plaintiffs.

*Messrs. Brown & Jerome,* for defendants (appellants).

FURCHES, J. : This is an action for the possession of personal property described in the complaint. The action is brought by "Heath, Morrow & Co." This is the only description given of plaintiffs in the summons and complaint. To this complaint defendants demur and assign as one of the grounds of demurrer, "1st. For that the names of the parties plaintiff either in the summons or complaint, are not given."

This we think is a fatal defect to plaintiffs' action. *Palin* v. *Small,* 63 N. C., 484. Our attention was called to *Cowan* v. *Baird,* 77 N. C., 201, where the action was in the name of "Cowan, McClung & Co," against the defendant Baird and others, in which defendants demurred and the demurrer was overruled. But this action was upon a note, given by defendants to "Cowan, McClung & Co," and while the grounds are not given upon which the court rested its judgment, it must have been for the reason that defendants had contracted with plaintiffs in this name and were estopped thereby to deny the partnership. As in the case of *Attorney General* v. *Simonton,* 78 N. C., 57, where it was held that parties claiming to be a bank though they had never organized under the charter were estopped to deny the existence of the bank as to their creditors.

This view reconciles *Cowen* v. *Baird, supra,* with *Palin* v. *Small, supra,* while they would be in conflict, but for this distinction in the cases.

The cases of *Wall* v. *Jarrott,* 3 Ired., 42, and *Lash* v. *Arnold,* 8 Jones, 206, while they sustain judgments taken in the firm name, both admit that if the objection had been to the "writ" it would have been good. This was evi-

dently the rule under the old practice. And while *The Code* has made many changes in the forms of actions and mode of procedure, we do not think it has made any change in this respect.

We have examined the other grounds assigned in the demurrer, and do not think they can be sustained. The second ground is that the action is brought against a married woman without joining her husband. But the complaint alleges that the husband is now a fugitive from justice, and non-resident of the State. *Code*, Sec. 1832 ; *Finley* v. *Saunders*, 98 N. C., 462. And besides, this is an action for the possession of personal property which plaintiffs allege belongs to them, and that defendants are wrongfully withholding from plaintiffs. This the defendant's wife admits by her demurrer, but says "my husband has fled the State, and, therefore, you cannot get your property from me." This cannot be the law.

The third assignment is that no demand was made before the action was brought. But plaintiffs allege that they are the owners of this property, and that defendants are "in the unlawful and wrongful possession of the property, and unlawfully withholding the possession from plaintiffs." This is admitted by the defendants' demurrer, and yet they say it was necessary for plaintiffs to make a demand before bringing their action. The reason why a demand in any case is required is that defendant may surrender the property without the trouble and cost of a suit. And when it appears, as in this action, that defendants still claim the right to hold the property, no demand is necessary. *Wiley* v. *Logan*, 95 N. C., 358; *Rich* v. *Hobson*, 112 N. C., 79.

The fourth assignment is "for that the summons in the action simply designates one of the defendants as Mrs. Morgan." But defendants do not, and cannot demur to

the summons, which is only for the purpose of bringing the defendants into court. This they have done, and filed their demurrer, which put them in court. But the complaint, to which they demur, states the defendants as being "Mrs. S. F. Morgan and John Morgan." So this assignment, as well as the second and third, are without merit, and is overruled.

But the first assignment is sustained, and there was error in the judgment of the court overruling it.

Error.