Daniel, J.
 

 The Christian names of the two plaintiffs had not been inserted, either in the warrant, judgment or
 
 capias,
 
 which had been obtained against Jarrott. The
 
 first
 
 question raised, is, whether the constable had authority to arrest Jarrott under the
 
 ca. sa.,
 
 so as to enable him, the said constable, to take this bond of the defendants, under the insolvent act. Upon this question, we think no reasonable
 
 *44
 
 doubt can be entertained. Jarrott might have availed him-by a plea in abatement, or
 
 by
 
 exception in the nature of a plea in abatement, of this defect in the warrant. But all imperfections of this sort were cured, after the judgment, by our Statute of Amendments — Revised Statutes, ch. 3d. The judgment was a valid one, the writ of
 
 ca. sa.
 
 pursued the judgment, the officer was bound to execute the writ, and, on executing the wrjt, it became his duty to take the bond.
 

 Secondly
 
 ; when the motion was made for judgment by the plaintiffs, Stephen Wall and John B. Holton, it was resisted, because the bond was not made to them by their Christian names. The Statute (Rev. Stat. c. 58, sec. 7,) directs the constable to take the bond, “ payable to the party at whose instance the arrest was madethe names of the plaintiffs in the
 
 ca. sa.
 
 were “ Wall and Holton:” he therefore literally pompl'ied with the Statute. The averment of the Christian names in the declaration, if an action of debt had been brought on the bond, would have .entitled the .plaintiffs to offer in evidence the bond, in its present form, to maintain the declaration; parol evidence, in support of the averment, would neither have varied nor contradicted the bond. We think, that as the motion made jn this case, contained the averment of the plaintiffs’ Christian and sur-names, together with the name of the mercantile firm, expressed in the
 
 ca. sa.
 
 and bond, that there was not such a variance between the motion on record, and the bond taken by the constable, as to preclude the court from giving judgment as prayed. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.