Battle, J.
 

 We concur with his Honor, upon, both the points made by the defendants, in the Court below. The judgments obtained by the plaintiffs, before a single magistrate in the name of “Lash and Moore,” were by no means nulleties, as is clearly shown by the case of
 
 Wall
 
 v. Jarrott, 3 Ired. Rep. 12. When the warrant was served upon the defendant in those judgments, he might have availed himself by a plea in abatement, or by an exception in the nature of a plea in abatement, of the defect in the warrant — that it was not brought in the proper names of the plaintiffs; but not having done so, the imperfectiou was cured after judgment by our statute of amendments ; see Revised Code, ch. 3, sec. 5.
 

 The second objection is equally untenable. If the plaintiffs had brought suit on the judgments, they would have been at liberty to set forth, in their declaration, their true names of William A. Lash and Edward H. Moore, trading under the name and style of Lash & Moore, and in support of that declaration, might have given, in evidence, the judgments in favor of Lash and Moore. Such would, undoubtedly, have been the case in an action of debt on a bond made payable to Lash & Moore, and we cannot perceive any difference betwmen such an action, and one upon a judgment, obtained in the name of Lash & Moore. See
 
 Wall
 
 v.
 
 Jarrott,
 
 ubi supra.
 

 Our attention lias been called to the case of
 
 Cohoon
 
 v.
 
 Morton,
 
 1 Jones’ 256, in which the Court refused to permit the plaintiffs, P. A. R. Cohoon and R. H. McIntosh, partners in trade, trading under the firm and style of “ Cohoon & McIntosh,” to take judgment upon a bond, given, for his appearance, by an insolvent debtor, and made payable to “ Cohoon & McIntosh.”
 

 We are free to confess that the case is in direct opposition
 
 *208
 
 to the previous one, to which we have alluded, of
 
 Wall
 
 v. Jarrott, and we think that, upon principle, it cannot be supported. In the argument of it,
 
 Wall
 
 v.
 
 Jarrott
 
 was not referred to by the counsel for the plaintiffs, and we were led into a mistake by not adverting to the rule, which allows tho plaintiffs, in such cases, to aver and prove that they are the same persons, who, as partners, are known and called by the name of the firm. There being no error, the judgment is affirmed.
 

 Per Curiam,
 

 Judgment affirmed.