R. F. DAVIDSON, Trustee, &c. *vs.* JAMES H. ELMS.

Under the C. C. P., one who holds a note as trustee of an "express trust," may bring an action upon it in his own name, with or without joining the *cestui que trust.*

An objection for want of proper parties should be taken by demurrer. C. C. P. S: 95.

[*Mebane* v. *Mebane*, 66 N. C. 334, cited and approved.]

CIVIL ACTION, tried before *Henry, J.,* at a Special Term, January 1872, for MECKLENBURG.

The action was brought in the name of R. F. Davidson trustee, to use of Allison. The note upon which it is founded is fully set out, with the endorsement thereon, in the opinion of the Court.

The case was tried before a Justice of the Peace, and testimony was introduced by each party upon the merits. Judgment was rendered for the plaintiff, and defendant appealed to the Superior Court.

When the case was called in the Superior Court, the defendant moved to dismiss for want of proper parties. The motion was sustained and the suit dismissed. Plaintiff appealed to the Supreme Court.

*J. H. Wilson,* for plaintiff.
*C. Dowd,* for defendant.

BOYDEN, J. This was a civil action commenced before a Justice of the Peace, upon a bond, in the following words and figures : On or before the first day of June next, we promise to pay Allison and Daniels, one hundred and twenty-five dollars, value received, for hire of negro boy Sam. I further promise to give him the usual clothing, say one winter suit, hat, blanket, &c., January 1st, 1857. Upon the back of this

bond is the following endorsement.  Pay to R. F. Davidson, trustee for John R. Daniels, for Allison & Daniels.

This being a civil action, commenced before a Justice of the Peace, it is unnecessary to enquire, whether under our former system of pleading this action could be sustained in its present form.   The 57 sec. C. C. P., provides that in such a case as this, the trustee may sue in his own name.   But it is not necessary to discuss this question further, for the case of *Mebane* v. *Mebane* 66, N. C. R. 334, cited for the plaintiff, decides the very question now under consideration.   It is proper further to remark, that the Court ought not to have dismissed the suit, as the objection if available should have been taken by demurrer, sec. 95, C. C. P.   A party cannot be permitted to lie by, and permit a judgment to be rendered against him before a Justice of the Peace without making an objection, take an appeal to the Superior Court, and then when the case is about to be tried, for the first time take the objection that the suit is in the name of the wrong party.   By such conduct, the defendant will be considered as having waived the objection. But, however that may be, the objection could not have availed the defendant, if taken in apt time, for the reason that the suit was properly constituted.

There is error.

PER CURIAM.                         Judgment reversed.