C. L. FINCH and wife v. C. T. BASKERVILLE.

*Demurrer—Answer—Joining Tort and Contract—Jurisdiction—Practice.*

1. A demurrer precedes an answer, and cannot be put in after it, without leave obtained to withdraw the answer.
2. An application for the partition of land, joined with a demand for an account of the rents and profits, from certain tenants in common, alleged to have been in exclusive possession, and to have converted such rents and profits to their sole and separate use, is not a joinder of a demand in *tort* with one arising on contract.
3. Where the court has cognizance of the cause made by the complaint as first filed, the jurisdiction will not be ousted by an amendment averring additional matter which the court is not competent to consider; but such new matter should be disregarded as surplusage.

(*Ransom* v. *McClees,* 64 N. C., 17; *Van Glahn* v. *DeRosset,* 76 N. C., 292; *Street* v. *Tuck,* 84 N. C., 605, cited and approved.)

SPECIAL PROCEEDING for partition, heard on appeal (in a case pending in Granville county) at chambers, in Greensboro, on the 13th of September, 1881, before *Gudger, J.*

Defendant appealed from the judgment below.

*Messrs. Gilliam & Gatling,* for plaintiffs.
*Messrs. Edwards & Batchelor,* for defendant.

SMITH, C. J. In this action, commenced in the probate court of Granville on September 7th, 1880, the plaintiffs ask for partition of certain lands devised by George T. Baskerville, their father, and inherited from their deceased mother, who survived him, to which the feme plaintiff and the efendants are entitled as tenants in common; and they further demand a division and distribution of the personal estate derived from both sources, of which the defendants have had the possession and enjoyment, and an account of

such as they may have wasted and lost or appropriated to their own use, to the end that they may be charged with the value thereof. The defendants answer admitting the tenancy in common of the land retained (a part having been sold under a judicial proceeding at their instance) and their equal right to share in the personal estate of both ancestors, and they submit to the required division of both, and that an account may be taken in which each party shall be charged with portions of the personal estate, as he may be justly liable for in the proposed settlement. Thereupon a decree was made in October for partition of the lands, and commissioners appointed for that purpose, the matters of account and the distribution of the remaining personal estate being reserved. The commissioners made their report on March 8th, 1880, dividing the lands into three parts of equal value, and assigning to each tenant his and her share with specified boundaries in severalty. No exception is taken to the report, and no motion made for its confirmation. At this stage of the proceeding the plaintiffs file a written statement which seems to have been treated as an amendment to the complaint, but for which no leave appears of record to have been given, wherein they recite in substance that since the institution of the suit, they have learned that the personal property is in litigation in the circuit court of Mecklenburg, an adjoining county in Virginia, in a suit at their instance against the defendants and others, and they therefore abandon all claim to that fund in this action, and confine their demand to their share of a reasonable rental value of the lands while in the exclusive occupancy of the defendants, for the years from 1876 to 1880 inclusive, and of the profits and damages made and committed thereon. Upon the filing this paper, and without disturbing the previous action of this court, the defendants put in what is termed a demurrer to the amended complaint, and therein assign as cause of demurrer the improper

joinder of " a cause of action founded on contract, with a cause of action founded in tort." The probate judge sustained the demurrer, and on appeal his ruling was reversed by the judge of the superior court, and from this judgment the case is brought up by appeal to this court.

The proceeding is anomalous, and disregards the well established rule of practice that a demurrer precedes and cannot be put in after an answer, (*Ransom* v. *McClees*, 64 N. C., 17; *Van Glahn* v. *DeRosset*, 76 N. C., 292), without leave obtained to withdraw the answer. As the cause then stood, actual partition of the lands had been made under an order still in force, and only awaited confirmation, when the defendants undertake to contest an adjudication, to which at the time no opposition was offered, by a defence which if sustained, under the former practice at least, would put an end to the action, and would now require it to be divided. C. C. P., § 131; *Street* v. *Tuck*, 84 N. C., 605.

If the demurrer were interposed in the proper order of pleading, the causes assigned in its support are insufficient. Considered as distinct and independent causes of action, they neither rest in tort, but on an equity growing out of a common ownership, to share equally in its use and profits, and to have an adjustment where one or more has received more than his ratable part. If the new supposed cause of action were in tort, or if the adjustment of their respective interests in the fund involved the exercise of an equitable jurisdiction not conferred upon the probate court, as we are disposed to hold to be the law, the demurrer should be directed to the new cause of action introduced by the amendment, and not to the misjoinder, or a more direct defence might be made to the order allowing the amendment.

But the legal incapacity of the probate judge to take cognizance of the matters embraced in the new cause of action introduced, and for this reason demurrable, does not deprive the court of the jurisdiction which it does possess to

proceed with the other, and may be deemed an inoperative surplusage, needlessly and uselessly added. The court properly overruled the demurrer and corrected the error of the probate judge in this respect.

The solution of the difficulty may be found in striking out or disregarding all matters in the pleadings not connected with the division of the lands, of which the jurisdiction is unquestionable; and recurring to the point in the proceedings from which the erroneous departure was taken, to-wit, the reported partition of the commissioners, let the cause proceed, as an application for partition of lands only, to a final determination.

There is no error, and this will be certified to the end that a *procedendo* issue to the probate judge for further proceedings in the cause in accordance with law as declared in this opinion.

No error.                              Affirmed.