H. A. GRAY v. J. I. JAMES et al.

(Filed 18 March, 1908).

1. **Injunctions—Deeds and Conveyances—Sale Under Senior Mortgage — Affirmative Defense — Fraud and Deceit — Issues Irrelevant—Appeal Premature.**

    Action by a junior mortgagee to enjoin the senior mortgagee from foreclosing upon all the land conveyed by his mortgage, and to require him to first sell so much as was not embraced in the junior mortgage. The defendant set up an affirmative defense, that more land had been conveyed in plaintiff's mortgage than intended, being thereto induced by plaintiff's fraud and deceit. Issues were submitted on affirmative defense, and from adverse judgment plaintiff appealed: *Held*, (1) the issue submitted was irrelevant to the inquiry; (2) the appeal was prematurely taken.

2. **Same—Two Mortgages—Marshaling of Assets—Disputed Premises—Surplus—Appeal and Error.**

    When, in an action by the plaintiff, the junior mortgagee, to restrain the senior mortgagee from selling the smaller quantity of land embraced in his mortgage until or unless necessary, an affirmative defense is set up by the mortgagor, that a larger quantity of land was fraudulently induced by the plaintiff to be conveyed to him, and the issue was addressed to the affirmative defense and found adversely to plaintiff, an appeal will lie only from a judgment disposing of the surplus arising from the sale of the disputed premises, in the event such should become necessary and be made.

3. **Appeal and Error—Appeal Dismissed—Entry of Appeal—Noting and Exception.**

    When an appeal is dismissed in the Supreme Court as premature, the entry will be regarded as equivalent to "noting an exception."

CONNOR and HOKE, JJ., dissenting.

ACTION tried before *Lyon, J.,* and a jury, at November Term, 1907, of PITT.

Plaintiff appealed. The facts are stated in the opinion of the Court.

*Moore & Long* and *Jarvis & Blow* for plaintiff.
*Skinner & Whedbee* and *F. G. James* for defendants.

CLARK, C. J.   This action was brought to enjoin the defendant Jenkins (mortgagee) from selling all the land contained in his mortgage, and to require him first to sell so much thereof as was not embraced in a conveyance from his codefendant, James, the mortgagor, to plaintiff.   The defendant James sets up an affirmative defense that he had not agreed and intended to convey so much land as is contained in the description in said deed, but was induced to execute it by the deceit and fraud of the plaintiff, and prayed for a reformation of the deed.   The issues submitted were upon this affirmative defense.   This appeal is prematurely taken.   The point presented may never arise for adjudication.   As the mortgages to Jenkins antedate the deed to plaintiff, if the sale of all the land is necessary to satisfy the mortgage, it is entirely unnecessary to determine where the boundary of plaintiff's line is—whether it is where his deed calls for or where the defendant James avers that it was agreed and intended to be.   If the sale of the disputed land is not necessary to the satisfaction of the mortgage debt, or the entire proceeds of it are needed, in either event the issue between James and the plaintiff was irrelevant.   It should not have been submitted unless a return of the sale showed it to be a relevant matter before final judgment.

The judgment entered below properly directs that the defendant Jenkins have leave to sell (1) so much of the mortgaged land as lies outside of the boundaries of the land conveyed to plaintiff; (2) and, if it shall be necessary to sell more land to discharge the mortgagee's debt, he shall proceed further to sell that part of the land conveyed to plaintiff which James contends was not intended and agreed to be conveyed to plaintiff; and, lastly, that the mortgagee, if it is necessary in order to satisfy his debt, can proceed to sell that part of the tract which was admittedly conveyed to plaintiff.

It is only in the possible contingency that there is both a necessity for sale of the disputed part of the land conveyed to

plaintiff and, further, a surplus of proceeds arising there-from to be appropriated either to plaintiff or defendant James, that it can be a relevant inquiry in this proceeding whether the deed of James to plaintiff did or did not convey more than was intended and agreed. The judgment provides for sale of the premises in the above order, but not unless and until the contingency above set forth arises will an appeal lie, and then only from a judgment disposing of the surplus arising from sale of the disputed premises. The Court will not adjudicate upon an abstract proposition. The appeal is, therefore, premature.

While the appeal is dismissed as premature, its entry is equivalent to "noting an exception" (*Alexander v. Alexander,* 120 N. C., 472)—the proper course—and if, on return of the sale, it shall appear that there is a surplus arising from the sale of the disputed premises, an appeal will lie from the adjudication as to their disposal. On such appeal the "case on appeal" already settled by his Honor will come up for review.

Remanded.

CONNOR and HOKE, JJ., dissent, being of opinion that there is a final judgment in the record, giving the parties affected a right to have the questions raised, considered and determined on the present appeal.