This action is brought by L. G. Daniels and the Atlantic Coast Forest Preserve and Improvement Company to recover damages alleged to have been caused by the negligence of the defendant in setting out fire, damages for cutting timber under the size permitted by a deed under which the defendant claims, and for cutting cedar which the plaintiffs claim is not conveyed by said deed.
The summons was issued on 18 August, 1909.
On 22 May, 1906, the plaintiff Daniels executed a deed to the defendant lumber company conveying "all of the timber trees of every description on the land described (except cedar and gum) now standing or growing or which may be standing or growing during the ensuing term of six years from and after 1 January, 1907, and which when cut will measure as much as or more than 10 inches in diameter at the base, that is to say, 18 inches above the ground," on the land described therein; and this deed further conveyed to the defendant "all the rights, privileges, and easements which ordinarily are incident to and necessary for the removing of the timber conveyed, or to the cutting, rafting, *Page 353 
and removing of same," and also conveyed to defendant the right to use such dead trees and down timber, earth, underbrush, and timber under the size mentioned therein conveyed, including small gum upon said land, as may be necessary for the purpose of constructing, maintaining, and operating said roads and railroads, and for operating any locomotive or other machinery, and for all other purposes necessary and incident to the cutting, rafting, and removal of said timber.
On 17 December, 1908, the said L. G. Daniels conveyed the (421) land described in the complaint, subject to the timber rights of said lumber company, to Albin Daniels, and on the next day, 18 December, 1908, the said Albin Daniels executed a deed, conveying said land, subject to said timber rights, to the plaintiff the Atlantic Coast Forest Preserve and Improvement Company, and on 1 April, 1910, said company undertook to execute a deed reconveying said land, subject to said timber rights, to the plaintiff L. G. Daniels.
In the deed executed by Albin Daniels, the plaintiff improvement company is described as a corporation under the laws of Massachusetts, and in the deed of 1 April, 1910, the said company is also described as a corporation of Boston, Mass.
Objection was made to the introduction of the last-named deed, upon the ground of defective probate, and the attestation clause, the execution, and probate are as follows:
In testimony whereof the said party of the first part hath caused these presents to be executed in its name by its president and attested by its secretary and its corporate seal to be hereunto affixed the day and year first above written.
 ATLANTIC COAST FOREST PRESERVE AND IMPROVEMENT COMPANY,
 By ALVAH G. SLEEPER, President.
CLAUDE H. DANIELS, Clerk.
Witness to signature:
MOSES H. LIBBY.
 NELLIE ORTON. (Notarial Seal.)
COMMONWEALTH OF MASSACHUSETTS.
(Notarial Seal.) SUFFOLK — ss. BOSTON, 1 April, 1910.
There personally appeared the above-named Alvah G. Sleeper and acknowledged the foregoing instrument to be his free act and deed, before me. WALTER E. BROWNELL,
Notary Public. *Page 354 
STATE OF MINNESOTA — County of St. Louis — ss.
This is to certify that on 30 April, 1910, before me personally came C. H. Daniels, clerk, with whom I am personally acquainted, who, being by me duly sworn, says: That Alvah G. Sleeper is the president of the Atlantic Coast Forest Preserve and Improvement Company, the corporation described in and which executed the foregoing instrument; that he knows the common seal of said corporation; that the seal affixed to the foregoing instrument is said common seal, and the name of the corporation was subscribed thereto by the said president, and that said president and clerk subscribed their names thereto, and said common seal was affixed, all by order of the board of directors of said corporation, and that the said instrument is the act and deed of said corporation.
Witness my hand and seal the day and year above written.
NELLIE ORTON, [SEAL]
Notary Public.
Notary Public, St. Louis County, Minn.
NORTH CAROLINA — Pamlico County.
The foregoing certificate of Walter E. Brownell, notary public of the State of Massachusetts, and the certificates of Nellie Orton, notary public of St. Louis County, State of Minnesota, are adjudged to be correct. Let the instrument with the certificates be registered.
Witness my hand, this 5 August, 1910.
GEO. T. FARNELL, C. S.C.
There was evidence on the trial that, at the time of the execution to the defendant lumber company of the deed of 22 May, 1906, from 125 to 150 acres of the land had cedar on it; that soon thereafter said defendant took possession of said land and began cutting and removing timber, which it continued for several years, and that at the conclusion of its operations very little cedar was on the land.
There was also evidence of two fires, one in September, 1909, (423) and the other in October of the same year, which injured the property of the plaintiff, and also that the defendant had cut timber under the size allowed by its deed.
The defendant offered evidence to the contrary, but it is not necessary to state the evidence of either party more fully, as the motion of the defendant to nonsuit is not upon the ground that there is no evidence to support the findings of the jury, except as to the first issue, and the evidence on that issue has been stated. *Page 355 
At the conclusion of the evidence the defendant moved for judgment of nonsuit, upon the following grounds, as shown by the brief of the defendant:
"That the plaintiffs have offered evidence showing the conveyance of title to the timber to the defendant by plaintiff L. G. Daniels, and have further offered in evidence a deed from L. G. Daniels to Albin Daniels, prior to the date of the alleged trespass, and that there is no right of L. G. Daniels to recover for any trespass that may have been committed (if any) in any view of the case between the date of the deed to Albin Daniels and date of the deed from Atlantic Coast Forest Preserve and Improvement Company to L. G. Daniels, to wit, between 17 December, 1908, and 1 April, 1910. That the conveyance having been made prior to the alleged trespass, divested him of all right of action during the time the title rested in Albin Daniels and the other date. The trespass having been committed between December, 1908, and April, 1910, upon all the evidence, then there was no right of action in the Atlantic Coast Forest Preserve and Improvement Company, they having made a conveyance to L. G. Daniels of the land without reserving any rights of action, and there being no evidence as to their corporate existence (the corporate existence being alleged in the complaint and denied in the answer), then there is no right of recovery in the Atlantic Coast Forest Preserve and Improvement Company. If there were evidence of trespass prior to December, 1908, then L. G. Daniels, having conveyed fee-simple title, without reserving to himself the rights of action for alleged trespass, he would not be entitled to maintain his action for recovery of damages thereafter," and that no actual possession of the land had been shown in either of there plaintiffs. The motion was denied, and defendant (424) excepted.
The defendant requested that the following instructions be given to the jury:
1. If the jury shall find from the evidence that any cedar was cut or used by defendants, the court charges you that under the provisions of said deed they had the right to use such cedar under the size of 10 inches in diameter at the stump, 18 inches above the ground, and such dead and down cedar, along with other undersized timber as was necessary in the construction of its roads, engines, and machinery on said land.
2. That the defendants had the right to cut out such cedar trees as were in its roadways, and plaintiffs are not entitled to recover anything for cedar so cut and moved out of the rights of way in the construction and operation of its road upon said land. *Page 356 
The first was refused, and the defendant excepted, and the second was substantially given.
There are three exceptions to evidence, which will be referred to.
The issues and the answers thereto are as follows:
1. Is plaintiff Atlantic Coast Forest Preserve and Improvement Company a corporation? Answer: Yes.
2. Did defendants wrongfully and negligently set fire to and burn plaintiff's land, timber, and trees, as alleged in the complaint? Answer: Yes.
3. If so, what damages are plaintiffs entitled to recover therefor? Answer: $1,500.
4. Did defendants wrongfully and negligently cut and destroy plaintiff's cedar trees and cedar timber, as alleged? Answer: Yes.
5. If so, what damages are plaintiffs entitled to recover by reason thereof? Answer: $500.
6. Did defendants wrongfully and negligently cut and destroy plaintiff's timber and trees other than cedar, not conveyed in said deed, as alleged? Answer: No.
7. If so, what damages are plaintiffs entitled to recover by (425) reason thereof? Answer.
Judgment for the plaintiffs, and defendants excepted and appealed.
No objection is made by answer or demurrer that there is a misjoinder of parties or causes of action, and no exception presents the question of the right of the plaintiffs to recover for trespasses committed after the commencement of the action. We do not intimate that such objections would have been sustained, and refer to them only for the purpose of excluding the idea that they were relied on, and are embraced in the motion for judgment of nonsuit.
The defendants say, upon the facts admitted, that neither of the plaintiffs is entitled to maintain this action; that the plaintiff L. G. Daniels cannot do so as to trespasses committed prior to 17 December, 1908, because on that day he conveyed the land to Albin Daniels, without reserving the right of action, nor as to trespasses after that date, because he had parted with his title to the land; and that the plaintiff improvement company has no right to sue, because its corporate existence is denied in the answer, and no evidence has been introduced to establish its incorporation, and further, if a corporation, having *Page 357 
executed a deed of date 1 April, 1910, conveying the land without reserving its right of action, it now has no right to sue.
We will consider these questions in their order, and first as to the right of the plaintiff Daniels, and this depends on the effect of his deed to Albin Daniels.
The plaintiffs do not allege as a cause of action an injury to their possession, which would be sufficient to maintain an action for trespass,Frisbee v. Marshall, 122 N.C. 760, but they seek to recover damages for injury to the freehold — the land itself — and it therefore was necessary to show title at the time of the injury complained of. If so, the plaintiff Daniels could not recover damages accruing after the execution of his deed of 17 December, 1908; but we do not think this deed, which purports only to convey the land, has the effect of (426) transferring to the grantee his right of action for damages accruing prior to its execution. Liverman v. R. R., 114 N.C. 696; Drakev. Howell, 133 N.C. 168.
In the last case cited the plaintiff sought to recover damages for cutting timber on certain land, and the Court, among other things, said: "There is an allegation in the pleadings that the plaintiffs have acquired the title to the Britt tract since this action was commenced; but this, if true, cannot help them, as a conveyance of title to the land after the defendants had committed the alleged trespass would not pass the right to the damages claimed by the plaintiffs. Such damages are personal to the owner of the property and do not pass to his grantees. Liverman v. R. R.,114 N.C. 692."
The right of the improvement company to sue depends upon the solution of other questions.
The defendant denies that this plaintiff is a corporation, and it says if there is no evidence of its corporate existence, that the deed of Albin Daniels to the improvement company has no effect, and that therefore the title remained in Albin Daniels, and that there can be no recovery of damages for acts committed after 17 December, 1908, the date of the deed, as Albin Daniels is not a party plaintiff; and it contends further that the failure to prove that the company is a corporation incapacitates it to sue.
We must then inquire:
1. Is there evidence that the improvement company is a corporation?
2. If not, how does this affect the title to the land and the right to sue?
Ordinarily, the right to question the exercise of corporate powers is with the State and cannot be raised collaterally, but it has been held *Page 358 
in this State that a denial of corporate existence in an answer requires some proof on the part of the plaintiff.
This may be furnished by the introduction of a charter and (427) evidence of its acceptance; by evidence of the exercise of the powers of a corporation for a long time without objection; by estoppel, and in other way, and we are inclined to the opinion that the fact that all of the parties claim under L. G. Daniels; that Albin Daniels, in his deed of 18 December, 1908, described the improvement company as a corporation; that the improvement company executed the deed of 1 April, 1910, as a corporation, and that during the whole of this period the defendant was in the use and occupation of the land, is evidence of the fact; but if this is not so, the defendant is in no way prejudiced by the failure of strict proof. Albin Daniels held the title to the land one day, and there is no evidence of a trespass on that day. He conveyed to the improvement company as a corporation, and the improvement company as a corporation conveyed to the plaintiff L. G. Daniels. It follows that Albin Daniels and L. G. Daniels are estopped to deny the corporate existence of the company, and if it is in fact a partnership, the estoppel would extend to its members, who have permitted it to be held out as a corporation, and to receive and execute deeds, and to institute actions as such. If so, all the parties who could make any claim against the defendant, covering the time when the trespasses are alleged to have been committed, are bound by the estoppel, and neither can deny that the improvement company is a corporation; and it is not, therefore important to the defendant whether, as matter of fact, it is a corporation.
If, however, material to the decision of this case, and it appeared that the improvement company was a partnership and not a corporation, it would not necessarily follow that the action could not be maintained by it.
A deed to a partnership by the partnership name is not void, Murray v.Blackledge, 71 N.C. 492; Simmons v. Allison, 118 N.C. 776; Grabbs v.Insurance Co., 125 N.C. 394, and a judgment in favor of a partnership, without giving the names of the partners, is valid. Wall v. Jarrett,25 N.C. 42; Lash v. Arnold, 53 N.C. 206.
These last cases were cited with approval in Health v. Morgan,117 N.C. 507, in which it was held that the action could not be maintained in the partnership name, because objection to the absence of the (428) individuals as parties was taken by demurrer. Kochs Co. v. Jackson, 156 N.C. 326.
In this case the defendant does no more than deny that the improvement company is a corporation, and if this is true, it may maintain the *Page 359 
action in its partnership name, in the absence of objection by the defendant that the individuals composing the partnership are not parties.
We are, therefore, of opinion that the plaintiff L. G. Daniels may recover damages for trespass committed prior to 17 December, 1908, the date of his deed, and that the improvement company may recover for trespasses after that time, and also, as his Honor held, that the defendant has no voice in the apportionment of the damages between them. Hocutt v. R. R.,124 N.C. 217.
We think his Honor construed the deed correctly as to the right to cut cedar, and that he properly refused to give the instruction requested.
The deed of the plaintiff Daniels to the defendant expressly excepts cedar and gum from the conveyance, and in the clause allowing the use of timber under the size conveyed provides: "And it is also stipulated and agreed that the party of the second part shall have the futher [further] right to take and use such of the dead and down timber, earth, and underbrush and timber under the size herein conveyed, including smallgum, upon said lands, as may be necessary for the purpose of constructing and maintaining and operating the said roads and railroads, and for operating any locomotives or other machinery, and for all other purposes necessary or incident to the cutting, rafting, or removal of said timber."
The mention of small gum in this clause, and the failure to refer to the cedar, excludes the idea that it was intended to extend the rights of the defendant as to the cedar.
His Honor instructed the jury that the defendant had the right to cut cedar when necessary to construct its roads or to move its machinery.
There are three exceptions to evidence:
1. To the evidence of a witness for the plaintiffs, Edmond (429) Jones: Q. Along about the time those fires took place, what was the condition of the engine as to emitting sparks? A. It was in bad condition.
2. To the evidence of a witness for the plaintiffs, William Potter: Q. Tell what you saw before this time and afterwards as to the engine emitting sparks. A. If we stopped near the engine it would catch our clothes and we would have to move out of the way.
3. To the introduction of the deed of 1 April, 1910, from the improvement company to L. G. Daniels.
The form of the answer of the witness Jones may be objectionable, but it is but another way of saying that the engine emitted a considerable quantity of sparks, and would not justify a reversal of the judgment, *Page 360 
and his entire examination shows that he was required to state what he meant by "bad condition."
The evidence of both witnesses was material to the claim that the defendant set out fire on the land, and competent.
It is not necessary to consider the objection to the introduction of the deed from the improvement company to L. G. Daniels, as both are parties plaintiff.
The record is voluminous, but we have examined it and the briefs with care, and find
No error.
Cited: Bowen v. Lumber Co., 162 N.C. 519.