ROSENBACHER & BROTHER v. F. A. MARTIN AND WIFE.

(Filed 10 November, 1915.)

**1. Parties—Demurrer—Answer—Waiver—Appeal and Error.**

Upon the filing of an answer to a complaint the right to demur on the ground that the defendants are not sufficiently designated is waived, and where in this state of the pleadings the action is decided against the defendants in a court of a justice of the peace, who appeal to the Superior Court, it is reversible error in the latter court to sustain the demurrer.

**2. Parties—Pleadings—Process—Amendments—Court's Discretion—Interpretation of Statutes.**

Amendments to pleadings are liberally allowed in the discretion of the courts, in order that substantial justice may be done between the parties, except when the effect of the amendment is to allege, substantially, a new cause of action; and where a mistake has been made in designating the parties defendant to the action it is within the discretionary power of the Superior Court to allow the plaintiff to correct the mistake, both in the process and pleadings. Revisal, secs. 495, 507, 509, 510.

APPEAL by plaintiffs from *Cline, J.,* at September Term, 1915, of FORSYTH.

Civil action to recover on an account for goods sold and delivered, brought before a justice of the peace, who heard the same, upon the issue of indebtedness raised by the parties, and gave judgment in favor of the plaintiff for $63.19, with interest and costs. Defendants appealed. In the magistrate's court they had answered to the merits, denying the indebtedness, and, as stated, the case was tried on this issue. In the Superior Court, as the record states, the defendants, without withdrawing their answer by leave of the court first obtained, filed a demurrer to the effect that the plaintiff's name is not set out in the process and complaint (but only a firm name), and, therefore, there is no plaintiff before the court. The judge sustained the demurrer and dismissed the action because, as he said, he had no discretion in the matter, believing from the syllabus in *Heath v. Morgan,* 117 N. C., 504, that the objection could be raised, as upon demurrer, notwithstanding the answer, or by a motion to dismiss. Judgment dismissing the action was thereupon entered, and plaintiff appealed.

*Louis M. Swink and W. Read Johnson for plaintiff.*
*No counsel for defendant.*

WALKER, J., after stating the case: The course pursued was quite
irregular practice. The defendant had gone through the justice's court
pleading to and trying upon the merits. His answer waived, or, as
is sometimes said, overruled, the demurrer. *Ransom v. McClees,* 64
N. C., 17; *Finch v. Baskerville,* 85 N. C., 205; *Moseley v. Johnson,*
144 N. C., 257. The defect of parties, if there is one, appeared upon
the face of the record, and the objection should have been taken by de-
murrer in the beginning. Revisal, sec. 474 (4); *Davidson v. Elms,* 67
N. C., 228; *Machine Co. v. Lumber Co.,* 109 N. C., 576. A defendant
cannot demur and answer at the same time. By answering to the
merits all defects are waived, except an objection to the jurisdiction of
the court or to the defectiveness of the cause of action (Revisal, sec.
478), which objection can be made at any stage of the case. The
judge cited *Heath v. Morgan,* 117 N. C., 504, as depriving him of the
discretion to allow an amendment, which he would have done had he
possessed the power. In that case, the court below had overruled the
demurrer, there being no answer, and this Court sustained it, but with-
out ordering the action to be dismissed and without, also, any intima-
tion that the trial court could not allow an amendment in its discre-
tion, which it clearly had the right to do, as we will presently show,
if it would not change substantially the nature of the action, which
would not be done here by the proposed amendment. We will advert to
one expression in that case before parting with it. The Court said:
"The cases of *Wall v. Jarrott,* 25 N. C., 42, and *Lash v. Arnold,* 53
N. C., 206, while they sustain judgments taken in the firm name, both
admit that if the objection had been to the 'writ' it would have been
good. This was evidently the rule under the old practice. And while
the Code has made many changes in the forms of actions and mode of
procedure, we do not think it has made any change in this respect."
The Court evidently overlooked Code, sec. 273, now Revisal, sec. 507,
to which we will refer again more at large. The case of *Palin v. Small,*
63 N. C., 484, which is cited by the Court in *Heath v. Morgan, supra,*
was an action of assumpsit, under the old and antiquated system of
pleading which has been supplanted by the present more liberal system
of pleading and procedure, and, therefore, it does not apply now, nor
did it decide this point. It held only that there was no material vari-
ance between the writ or process and the declaration. The writ was in
the name of three persons trading under a certain firm name, as plain-
tiffs, while the declaration ran in the name of the individuals them-
selves without the affix. It was held that the latter was mere surplusage,
and, being eliminated, there was an exact correspondeince between writ

and declaration. That is not this case, nor was it the case in *Heath v. Morgan.*

We do deny the power of the judge to allow, in his discretion, a withdrawal of the answer in a proper case (*Finch v. Baskerville, supra*), but the answer in this case was not withdrawn. The judge had ample power to permit an amendment of the process and pleadings. There was only a misnomer, or misdescription of the plaintiff, which could be amended without changing the nature of the action. This power is found in Revisal, sec. 507, which is as follows: "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations, material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved." This language is plain and unmistakable in its meaning and broad enough to include this case. The object of the present procedure is to try cases on their merits and not on technicalities and refined distinctions of the old system of special pleading, under which the victory depended to much upon the skill of the pleader, rather than upon the merits of the successful party's case. Our system is far more liberal, and seeks, first of all things, to try each case upon its facts and without so much regard to form. Its main purpose is to avoid miscarriages of justice by mere slips in pleadings, and, therefore, it requires that pleadings be construed sensibly, "with a view to substantial justice between the parties" (Revisal, sec. 495); that "in every stage of the action" the court shall disregard any error or defect in pleadings or proceedings not affecting the substantial rights of the adverse party (Revisal, sec. 509); and then there are other provisions equally as liberal, and especially with regard to defects in the names of parties. Revisal, secs. 510 and 507. It would be a great reproach to the administration of law if so slight a departure from the name should result in the defeat of justice. The court should have rejected the demurrer, allowed the amendment, if one at that stage of the case was needful, and proceeded to try the case upon its actual merits, and it erred in not doing so.

Error.