CITY OF GOLDSBORO ET AL. v. W. P. ROSE BUILDERS SUPPLY COMPANY ET AL.

(Filed 25 February, 1931.)

1. **Appeal and Error J g—Validity of zoning ordinance held not necessary to be determined on present record.**

   In a suit by adjacent property owners and a city to restrain the erection of a gasoline filling station on the ground that it would violate a zoning ordinance and cause irreparable injury to the property of the individual owners and on the ground that a permit had not been obtained from the city building inspector, the trial judge held the zoning ordinance of the city void, but continued the restraining order to the final hearing because of failure to obtain the building permit: *Held,* the plaintiffs' exception to the holding that the ordinance was void preserves their rights, certainly to the final hearing, and the trial court, in view of the reasons assigned for continuing the injunction, was not required to pass upon the validity of the zoning ordinance, and his judgment therein will be disregarded for the time being.

2. **Appeal and Error A e—Courts will not anticipate question of constitutional law.**

   The courts will not anticipate a question of constitutional law in advance of the necessity of deciding it.

3. **Pleadings D d—By answering to merits defendant waives right to demur for misjoinder of parties and causes.**

   By answering to the merits of an action a defendant waives his right to demur to the complaint for misjoinder of parties and causes of action.

4. **Municipal Corporations H e—Held: plaintiffs had right to maintain action to restrain violation of zoning ordinance.**

   Where individual property owners and a city seek injunctive relief against the erection and maintenance of a gasoline filling station within a zoning district within the city, the individual plaintiffs alleging permanent and irreparable injury to their property, a demurrer on the

grounds that authority to bring the suit had not been shown by the individual or corporate plaintiffs is bad, the allegations of the complaint of the individual plaintiffs being sufficient as to them, and the municipality having the statutory right given it. Section 8, chapter 250, Public Laws of 1923.

APPEALS by plaintiffs and defendants from *Grady, J.,* at Chambers, Clinton, N. C., 22 December, 1930. From WAYNE.

Civil action to restrain the defendants from completing a gasoline filling or gasoline storage station, without obtaining permit from building inspector, and from operating same in violation of a zoning ordinance, adopted pursuant to chapter 250, Public Laws 1923. The two individuals join as parties plaintiff and allege that their property in the immediate vicinity will be irreparably damaged by the completion and operation of the filling station in question.

The defendants answered, set up a number of defenses, and thereafter demurred on the ground (1) of a misjoinder of parties and causes of action; (2) for that "said complaint fails to show any authority of the individual plaintiffs to maintain this action"; and (3) because "said complaint fails to show any authority on the part of the city of Goldsboro to maintain this action."

The trial court overruled the demurrer, held the zoning ordinance to be void, but continued the restraining order to the hearing on the ground that the defendants had failed to obtain a permit from the building inspector. From this judgment both sides appeal.

*Dickinson & Freeman, D. C. Humphrey and J. Faison Thomson for plaintiffs.*

*Kenneth C. Royall and Andrew C. McIntosh for defendants.*

### PLAINTIFFS' APPEAL.

STACY, C. J. The plaintiffs appeal from the holding of the court that the zoning ordinance is void. *Non constat* the judgment is in their favor. The rights of the plaintiffs, therefore, are amply protected and preserved, certainly until the final judgment, by their exception duly entered. *Gray v. James,* 147 N. C., 139, 60 S. E., 906; *Alexander v. Alexander,* 120 N. C., 472, 27 S. E., 121.

The trial court, in view of the reasons assigned for continuing the injunction, was not required to pass upon the validity of the zoning ordinance, hence this part of the judgment may be stricken out and disregarded for the time being. "The courts never anticipate a question of constitutional law in advance of the necessity of deciding it." *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *S. v. Corpening,* 191 N. C.,

751, 133 S. E., 14; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481. We express no opinion, on the present record, as to the validity of said ordinance.

As thus modified, the judgment on plaintiffs' appeal will be affirmed. Modified and affirmed.

## DEFENDANTS' APPEAL.

STACY, C. J. The defendants appeal from the overruling of their demurrer and from the judgment continuing the restraining order to the final hearing.

The defendants waived their right to demur on the ground of a misjoinder of parties and causes of action by answering to the merits. C. S., 518; *Moseley v. Johnson,* 144 N. C., 257, 56 S. E., 922; *Ransom v. McClees,* 64 N. C., 17. "A defendant cannot demur and answer at the same time. By answering to the merits all defects are waived, except an objection to the jurisdiction of the court or to the defectiveness of the cause of action, which objection can be made at any stage of the case." *Walker, J.,* in *Rosenbacher v. Martin,* 170 N. C., 236, 86 S. E., 785.

The demurrer was properly overruled on the second and third grounds, to wit, that the complaint fails to show any authority on the part of the individual plaintiffs or the city of Goldsboro to maintain the instant action. *Merrimon v. Paving Co.,* 142 N. C., 539, 55 S. E., 366. The individual plaintiffs allege threatened injury to their property of an irreparable nature *(Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480), and the city of Goldsboro is expressly authorized to maintain an action, such as the present, by section 8, chapter 250, Public Laws 1923. *Elizabeth City v. Aydlett, ante,* 58.

The remaining exceptions require no special mention. Let the costs be divided.

Affirmed.