MRS. KATHERINE E. H. SCHNIBBEN, EXECUTRIX OF CHARLES SCHNIB-
BEN, AND CITY OF WILMINGTON, v. BALLARD & BALLARD
COMPANY, INC., AND CLARENCE GRADY.

(Filed 20 May, 1936.)

**Pleadings D d—By filing answer, defendant waives right to demur except
for want of jurisdiction or failure of complaint to state cause.**

By filing answer to the complaint, defendants waive the right to demur
thereto except for want of jurisdiction of the court over the person of
defendant or for failure of the complaint to state a cause of action, and
such waiver applies to an amended complaint when the amended com-
plaint is substantially the same as the original complaint to which answer
was filed. C. S., 511.

APPEAL by the defendants from *Williams, J.,* at October Term, 1935,
of NEW HANOVER. Affirmed.

This was a civil action to recover damages for the alleged wrongful
death of Charles Schnibben, instituted by his executrix, and joined in
by his former employer, self-liability insurance carrier, against which
claim under the Workmen's Compensation Act had been filed by his
dependent widow. Complaint was filed by the plaintiffs. Answer was
filed by the defendants. Complaint was amended by leave of the court
so as to allege that since the institution of this action an award had been
made by the Industrial Commission against the city, as employer, in
favor of the widow of the deceased employee. Demurrer was filed to
the complaint as amended. Demurrer was overruled. Defendants ex-
cepted and appealed to the Supreme Court.

*Burney & McClelland and I. C. Wright for plaintiffs, appellees.*
*Bryan & Campbell for defendants, appellants.*

PER CURIAM. The defendants filed answer to the complaint. By so
doing they waived any right to demur to the complaint except upon the
first and last grounds stated in C. S., 511, namely, that "the court has
no jurisdiction of the person of the defendant or of the subject of the
action," and "the complaint does not state facts sufficient to constitute a
cause of action." *Ransom v. McClees,* 64 N. C., 17; *Finch v. Basker-
ville,* 85 N. C., 205; *Goldsboro v. Supply Co.,* 200 N. C., 405, and cases
there cited; McIntosh's N. C. Prac. and Proc., pp. 457, 458. The rather
elaborate demurrer filed is not based upon either of these grounds, and
could not have been sustained had it been so based. True, the demurrer
filed was to the amended complaint, but, in the language of the appel-

lant's brief, page 3, "the amended complaint is substantially the same as the original complaint." Certainly, the amendment adds nothing to the original complaint and takes nothing from it which nullifies the waiver of the right to demur caused by the filing of an answer.

Affirmed.