J. A. BYNUM v. R. W. TURNER AND THE BOARD OF EDUCATION, ETC.

(Filed 1 March, 1916.)

**Pardon—Fines Returned—Courts—Procedure.**

> Where one convicted of a crime has paid the fine imposed by the court and then has obtained a pardon from the Governor, it is the duty of the court to return the fine upon his application and presenting the pardon, so long as the money remains in its possession and the rights of third persons have not intervened; but where the fine collected has reached its final destination, it is beyond the reach of Executive clemency, and may not be recovered.

CIVIL ACTION commenced before a justice of the peace and tried on appeal at November Term, 1915, of PASQUOTANK, before *Cooke, J.,* upon this issue:

Is plaintiff entitled to recover the $200 sued for in this action? Answer: "Yes."

The court rendered judgment against both defendants.  The Board of Education only appealed.

*Aydlett & Simpson for plaintiff.*
*Ward & Thompson for defendant.*

BROWN, J.  The plaintiff, with others, was convicted in the local criminal court of the crime of gambling, the defendant Turner being the trial justice, and a fine of $200 was imposed.  The plaintiff paid the fine to the chief of police, who paid it to Turner.  Plaintiff was soon thereafter pardoned by the Governor, and now seeks in this action to recover the money.

When a full and absolute pardon is granted it exempts the recipient from the punishment which the law inflicts, whether death, imprisonment, or fine.  If a fine has been imposed and has been paid into the Treasury of the State, or in this State to the treasurer of the Board of Education, *before the pardon is granted,* the money cannot be recovered back.  29 Cyc., 1568; *Oxford v. U. S.,* 91 U. S., 474.

But a pardon will work a remission of a fine, although it has been paid, and will entitle the person pardoned to have the money returned if it is still within the control of the Executive, and the rights of third persons have not attached.  24 A. and E. Enc., 586.  Therefore, a pardon by the President entitles the offender to restitution of the fine after it has been paid to the marshal and deposited by him in court. *Opinion of Atty.-Gen. U. S.,* vol. 14, 599.  But not if it has been paid into the treasury.  It follows that plaintiff cannot recover of the defendant the Board of Education, for two reasons:  First, it is admitted that the fine has never been paid to its treasurer; second, if it had been paid, an action could not be sustained against the board after the fine had been paid to its treasurer, for then the fine has reached its final destination and is beyond the reach of Executive clemency.

It is very doubtful if a civil action can be maintained against the trial justice, Turner, to recover a fine paid to him in his official capacity.  The proper remedy of plaintiff was to go into the magistrate's court and move for restitution of the money upon pleading and exhibiting the pardon.  If the money was still in the custody of that court it would be its duty to return it.  As a personal judgment has been rendered against defendant Turner, from which he did not appeal, the regularity of this proceeding as to him is not before us.  The judgment is valid and must stand.

Turner admits in his answer that he has the money in his possession.  If so, it is his duty to pay it to plaintiff in satisfaction of the judgment.  If he has paid it over to the trial justice's court, as is stated in the brief of counsel, the plaintiff may move in that court for its restitution,

and it will be the duty of the trial justice to order its restitution, when it must be applied to the satisfaction of the judgment.

The action is dismissed as to the Board of Education.

The costs of the Superior Court will be taxed against the plaintiff.

Action dismissed.