JAMES F. YATES ET ALS. v. DIXIE FIRE INSURANCE COMPANY.

(Filed 9 May, 1917.)

**1. Deeds and Conveyances—Blanks—Grantors.**

Where the names of the grantors in a conveyance of land are left in blank, with the name of the grantee therein properly appearing, the deed, otherwise sufficient, is not invalid when the names of the grantors are designated by the final clause, their signatures appearing thereunder, with proper certificate of the probate officer to that effect.

**2. Same—Benefit—Mesne Conveyances.**

A conveyance of land, with easement in an alleyway, reducing the width of the alley to the benefit of the adjoining land of a party whose name has been omitted from the conveyance: *Held,* such party and those claiming by mesne conveyances describing the reduced width of the alleyway and deriving benefit from the change are bound by the description of the alleyway in the original conveyance.

**3. Same—Ratification.**

Where the name of one of the owners of land with right in an adjoining alleyway is omitted from a conveyance making a reduction of the width of the alleyway to the advantage of the dominant tenement and reserving to the dominant tenement the right to erect an arch thereover to connect

buildings on either side, a later conveyance by the owners of the dominant tenement is a ratification of the one from which he was omitted, and the privilege thus acquired is conveyed by the later deed.

### 4. Appeal and Error—Premature Appeal—Opinion.

In this action of ejectment and for possession of lands it is *Held*, the appeal was prematurely taken before the assessment of damages by the jury under that issue; but the Court indicates its opinion upon the merits of the case.

APPEAL by defendant from *Long, J.,* at March Term, 1917, of GUILFORD.

In *Yates v. Ins. Co.,* 166 N. C., 134, as to the same subject-matter, the plaintiffs had obtained an order restraining the defendant from erecting a building over an alleyway, and they appealed from the order dissolving it. On the hearing in the Supreme Court, it being made to appear that pending the appeal the building had been completed, the Court refused to pass upon the abstract right of the plaintiffs, upon the ground that to grant an injunction then would be a vain and nugatory act. The Court said, however: "The defendants have proceeded at their peril, and whatever the rights of the parties are will be determined at the final hearing, when the issues of fact, if any are raised, can be decided by a jury and the rights of the parties and the remedy to be awarded can be determined by final judgment."

The plaintiffs took a nonsuit below and brought this action of ejectment to recover the possession of and establish their title to the property involved in the former action, which is a lot of land or alleyway fronting 10 feet on E. Sycamore Street, Greensboro, and running back 41.66 feet, as described in the complaint, and for damages. Both the plaintiffs and defendant claim title to the lot under the late Charles G. Yates, who died in 1882.

The jury found that the plaintiffs were owners and entitled to posession of the lot, and that it was wrongfully detained by the defendant. The judge rendered judgment accordingly, reserving the issue as to damages, and the defendant appealed.

*W. P. Bynum and R. C. Strudwick for plaintiffs.*
*Brooks, Sapp & Williams for defendant.*

CLARK, C. J. The defendant insurance company, is the owner of the lots marked on the annexed plot as the "Hughes" lot and the "Martin" lot facing on Sycamore Street in Greensboro, and also of an easement in an alley 10 feet wide between these two lots, holding title under mesne conveyances from C. G. Yates, who died in 1882.

The heirs of Yates, in conveying the Martin lot, added thereto the conveyance of an easement in the alleyway as follows: "Together with right of way over, under and through an alleyway 10 feet wide, west of and adjoining the above described property running from Sycamore Street to Carrie G. Yates' property." In the mesne conveyances through which the Martin lot became vested in the defendant this conveyance of an easement in the alleyway as appurtenant to the ownership of said lot was continued.

C. G. Yates also owned the lot north of the "Hughes" lot, which is marked on the map as the "old postoffice lot," and in his will provided that this alleyway should be laid out as appurtenant to the ownership of said postoffice lot 15 feet wide; but the owner of said lot has entered into an arrangement and accepted and recorded a conveyance reducing the width of the alley to 10 feet, with the right reserved therein to the owners of the Martin lot to build an archway over said alley.

The defendant, owning the lots on both sides of said alleyway and by virtue of the ownership of the Martin lot owning also an easement in said alleyway, has proceeded to build 10 feet above the surface a connecting building so as to enable it to use as one building the structure covering both lots. The plaintiffs, who are heirs at law of C. G. Yates, contend that this is a forfeiture, or at least an unwarranted use, of the alleyway, for which it is entitled to recover the possession of the alleyway or at least the possession of the building placed above the alleyway by the defendant; and the defendant has contended that the right of the plaintiffs, if any, is an abstraction, because it could not recover the atmosphere beginning 10 feet above the surface of the alleyway and could make no use of it, and that the court would not adjudge damages for the theoretical right which the plaintiffs could not exercise, or be

benefited by in any way, since they could. not erect any structure them-
selves on the alleyway, the unobstructed use of the surface of which be-
longs to the defendant, and that the plaintiffs can prove no damages
sustained by them.

This point was ably discussed before us by the very learned counsel
on both sides, but we do not find it necessary to consider the interesting
question presented. On 1 October, 1899, the present plaintiffs or those
under whom they claim, and at that time the owners of the "Martin"
lot (except E. M. Selden, who has since conveyed to one of the plain-
tiffs), executed a conveyance and contract to Carrie G. Yates, who was
then, and still is, owner of the "postoffice lot" (marked on the plat),
by which conveyance the alleyway, which under the will of C. G.
Yates was to be of the width of 15 feet, was reduced to 10 feet in width
and the following stipulation made therein, as part consideration of
the deed and contract, which was duly registered. "Nevertheless, it
is expressly understood and agreed that the parties of the first part re-
serve the . right to themselves and their heirs and assigns to arch over
and use all of the space above the alleyway 10 feet from the surface of
the ground," and said Carrie G. Yates, who was then and is still the
owner of said postoffice lot, has consented to the construction and erec-
tion of the archway and building above said alleyway. On 7 May,
1901, two years after said contract between said Carrie G. Yates and
the plaintiffs, they and those under whom they claim joined in the
execution of a fee-simple deed for the Martin lot, in which they con-
veyed all their right, title, and interest in said lot, "together with the
right of way forever over, *under, and through* an alleyway 10 feet wide
west of and adjoining the above described property running from Syca-
more Street to Carrie G. Yates' property." The defendant has ac-
quired the title to said Martin lot under such conveyance from the
plaintiffs by mesne conveyances and holds the right to build the said
archway as fully as the plaintiffs themselves possessed it.

It is objected by the plaintiffs that the said deed between the owners
of the Martin lot and Carrie G. Yates is not valid because the grantors
therein are not named, but we do not think that this contention is well
founded. The language of the deed is as follows:                    ·

NORTH CAROLINA—GUILFORD COUNTY.

This indenture, made this 1 October, 1899, by and between ————,
parties of the first part, and Carrie G. Yates, party of the second part:
Witnesseth, That the said parties of the first part for, and in consider-
ation of the sum of $1 to them paid, the receipt whereof is hereby
acknowleged, have given and granted and by these presents do give
and grant and convey unto the said party of the second part a right · of

way over the alleyway —— feet wide, described as follows: Beginning on Sycamore Street at the southeast corner of the lot of land sold to J. R. Hughes and now owned by Katz, said corner being 108 feet from the east side of South Elm Street, and running thence north with Katz's line to the line of the party of the second part, known as the old post-office property, thence east with the line of the said postoffice lot —— feet to a stake, thence south in a line parallel with first line to East Sycamore Street, and thence west along East Sycamore Street to the beginning, with the right of ingress, egress, and regress over said alley, to the said party of the second part, her tenants, heirs and assigns forever. Nevertheless, it is expressly understood and agreed that the parties of the first part reserve the right to themselves, their heirs and assigns, to arch over and use all the space above the alleyway 10 feet above the surface of the ground.

In witness whereof the said parties of the first part have hereunto set their hands and seals of the day and year first above written.

M. E. YATES.          [SEAL.]
PETER P. YATES.       [SEAL.]
KATE C. YATES.        [SEAL.]

It is objected by the plaintiffs to the above deed that it is void for want of parties, but Carrie G. Yates is named as grantee therein, and she is bound by accepting the same with the reservation of the right to narrow the lot to 10 feet and that the owners of the Martin lot should build over said alleyway, and has recorded the deed and is still assenting to said reservation and has since joined in the conveyance of the Martin lot with the easement in said alley. As to the grantors, the language is, "the parties of the first part," and though a blank follows in the beginning of the deed, they are made certain by the final clause, "In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written," followed by their names and seals. It was not necessary that the names of the grantors should be set out in the first line of the deed when they are designated by the final clause and by their signatures thereunder. Moreover, the clerk of the court in his certificate, upon which the deed was recorded, certified that "M. E. Yates, Peter P. Yates, and Kate C. Yates (his wife), grantors, personally appeared before me this day and acknowledge the execution of the foregoing deed of conveyance" (the certificate further setting out the privy examination of Kate C. Yates).

It is true that said conveyance and contract was not signed by E. M. Selden, at that time owning an interest in the Martin lot, but the reservation therein of said right was in her favor, being for the benefit of the said Martin lot, extending its width 5 feet by narrowing the alleyway, and reserving also the right to build over the same, and by the

subsequent conveyance with warranty of said Martin lot, in which E. M. Selden and Carrie G. Yates and all the plaintiffs or those under whom they claim they conveyed the Martin lot thus benefited by the the reservation, describing the same by boundaries, which included the added 5 feet taken from the alleyway by virtue of said reservation and the right to the alleyway as it then existed, as follows: "together with the right of way forever over, *under and through* an alleyway 10 feet wide west of and adjoining the above described property running from Sycamore Street to Carrie G. Yates' property." This deed to Martin was a warranty deed executed 7 May, 1901 (subsequent to the above conveyance and contract with Carrie G. Yates of 1 October, 1899), and was signed by M. E. Yates, E. M. Selden, Carrie G. Yates, Kate C. Yates, and Peter P. Yates, being thus a ratification by Carrie G. Yates and adding the concurrence of E. M. Selden, the only party in interest in the ownership of the Martin property who was not a party to the said conveyance of 1 October, 1899. E. M. Selden has since, in 1914, conveyed her interest in the alleyway to James F. Yates, but he is bound by her joinder in the conveyance of 7 May, 1901, of the Martin lot, with the easement (as it then stood) in the alleyway to Martin, whose rights the defendant now owns.

Nor do we deem it a fatal defect if the plaintiffs' contention is correct that the width of the alleyway, which is recorded in the registration of the conveyance of 1 October, 1899, as 10 feet, was left blank as to the number of feet, for in the subsequent conveyance between the same parties of 12 December, 1900, which is duly probated and recorded, the width is set out as being 10 feet.

It appears, therefore, that since 1 October, 1899, the ownership of the Martin lot had annexed to it an easement in the alleyway in question, with the right to build over it, and that all the plaintiffs and those under whom they claim conveyed said Martin lot with said rights in the alleyway by deed of 7 May, 1901, to Martin, and through mesne conveyances such rights passed to the defendant, which has not exceeded its rights therein in constructing the building over said alleyway.

It was irregular to appeal from a verdict and judgment upon the first two issues without passing upon the issue as to damages. The appeal is fragmentary and must be dismissed, but as it is apparent that upon the evidence the court should have directed a nonsuit for the reasons given, we have considered the appeal and indicated our opinion, as this Court has sometimes done in such cases, *S. v. Wylde,* 110 N. C., 502, and cases citing the same in Anno. Ed.; *Mfg. Co. v. Spruill,* 169, N. C., 621; *Taylor v. Johnson,* 171 N. C., 86.

Appeal dismissed.