F. E. McPHERSON, Administrator of WILLIE GANT, Deceased, v. HENRY
MOTOR SALES CORPORATION, Employer, and HARTFORD ACCI-
DENT AND INDEMNITY COMPANY, Carrier.

(Filed 16 September, 1931.)

1. **Master and Servant F i—Where employer does not appeal he is with-
out standing in Superior or Supreme Court upon insurer's appeal.**

Where an award allowed by a member of the Industrial Commission
is adopted by the full Commission on appeal to it, and the employer does
not appeal therefrom, the matter is at an end so far as the employer
is concerned and he has no standing either in the Superior or Supreme
Court on the insurer's appeal.

2. **Same—Appeal from award will be considered only upon exceptions to
proceedings and judgment of Industrial Commission.**

Where an insurer appeals upon specified grounds from an award made
by the Industrial Commission it may not contend in the Superior Court
that certain sections of the Workmen's Compensation Act as applied by
the Commission in the case were unconstitutional when the question is
not embraced in the specified exceptions it has filed as the foundation
of its appeal.

3. **Master and Servant F g—Where deceased employee leaves no de-
pendents amount recoverable must be paid to personal representa-
tive.**

Where the death of an employee is compensable under the Workmen's
Compensation Act, and it appears that the deceased employee left no
dependents, a recovery may be had under the terms of the statute by the
administrator of the deceased employee for distribution to his next of kin.

**4. Appeal and Error A e—Courts will not decide questions of constitutional law in advance of necessity therefor.**

The courts will not decide the question of the constitutionality of a statute in advance of the necessity therefor.

APPEAL by plaintiff and both defendants from *Schenck, J.,* at November Term, 1930, of GUILFORD.

Judgment modified in plaintiff's appeal; as modified, affirmed in appeal of defendant, Hartford Accident & Indemnity Company, carrier.

Appeal by defendant, Henry Motor Sales Corporation, employer, dismissed.

This cause was heard in the Superior Court of Guilford County on the appeal of the defendant, Hartford Accident & Indemnity Company, carrier, from the award made by the North Carolina Industrial Commission on 20 June, 1930. The facts found by the Commission are as follows:

"1. The parties plaintiff and defendants are bound by the provisions of the North Carolina Workmen's Compensation Act. The Hartford Accident & Indemnity Company, the insurance carrier, has intervened as a party defendant.

2. On 20 November, 1929, Willie Gant was a regular employee of the Henry Motor Sales Corporation, and on that date received an injury by accident that arose out of and in the course of his regular employment, resulting in his death.

3. The average weekly wages were $15.00.

4. Willie Gant, deceased, was unmarried and at the time of his death there was no one either partially or wholly dependent upon him for support.

5. Mr. F. E. McPherson of Burlington, N. C., is the duly qualified administrator of the estate of Willie Gant, deceased."

The award of the Commission was as follows:

"Upon the finding that the deceased left no one dependent upon him for support, at the time of the accident, the defendants will pay to F. E. McPherson, who has duly qualified as administrator of the estate of the deceased, in a lump sum, compensation in the amount of $2,831.68, less the actual amount of the burial expenses. This amount of $2,831.68 is the commuted amount of 350 weekly installments at the rate of $9.00 per week, commuted as of 1 July, 1930. The defendants will pay to proper parties all medical and hospital bills incurred, and the costs of this hearing."

The hearing before the full Commission was upon the application of the defendant, Hartford Accident & Indemnity Company, carrier, for a review of an award made by Commissioner Dorsett, dated 16 April,

1930. The grounds for the review, as stated in the written application therefor, were (1) that there was no evidence that the injury and death of Willie Gant, deceased, arose out of and in the course of his employment; (2) that the personal representative of the deceased employee was not entitled to compensation; (3) that the findings of fact and award are contrary to law; and (4) that the rate of compensation should be $9.00 per week.

The defendant, Henry Motor Sales Corporation, employer, did not appeal from or request a review by the full Commission of the award made by Commissioner Dorsett.

The findings of fact and conclusions of law set out in the award made by Commissioner Dorsett were approved and adopted by the full Commission. Its award was made upon these findings and conclusions.

On 1 July, 1930, the defendant, Hartford Accident & Indemnity Company, carrier, gave notice of its appeal from the award of the full Commission to the Superior Court of Guilford County. This notice of appeal is in writing. Errors of law in the award of the Commission are assigned as follows:

"1. That there is no evidence that the injury and death of Willie Gant, deceased, arose out of and in the course of his employment.

2. That a personal representative is not entitled to receive compensation benefits, there being no dependents, and that sections 38 and 40 of the North Carolina Workmen's Compensation Act, under which the award was made, are vague, indefinite, and contradictory of the other terms and provisions of said act, and the spirit and purpose thereof.

3. That sections 38 and 40 of the North Carolina Workmen's Compensation Act, as construed and applied by the full Commission in this case, violate the due-process and the equal-protection clauses of the 14th Amendment of the Constitution of the United States.

4. For other reasons to be assigned."

The defendant, Henry Motor Sales Corporation, employer, gave no notice of appeal from the award of the North Carolina Industrial Commission. It did not except to said award, or assign errors therein.

On the hearing in the Superior Court, judgment was rendered as follows:

"This cause coming on to be heard by the undersigned judge presiding at the November Civil Term, 1930, of the Superior Court of Guilford County, and being heard upon the appeal by the defendants from the award of the North Carolina Industrial Commission heretofore rendered in this cause, and upon the record of said cause certified to this court by said Commission as by law provided, and upon defendants' exception and assignment of error for that sections 38 and 40 of

the North Carolina Workmen's Compensation Act, as construed and applied by the North Carolina Industrial Commission in this case, violate the due-process and equal-protection clauses of the 14th Amendment to the Constitution of the United States, and the court being of the opinion and so holding, that said sections 38 and 40 are legal and valid provisions of said North Carolina Workmen's Compensation Act, and that they are not repugnant to, nor in violation of the equal-protection and due-process clauses of the 14th Amendment to the Constitution of the United States;

It is therefore, considered, ordered, and adjudged that the award of said Commission be and the same is hereby in all respects, adopted, approved and affirmed, and that the defendants be taxed with the costs of this appeal.   Michael Schenck, *Judge Presiding.*"

Plaintiff, in apt time, objected to the foregoing judgment, for that defendant, Henry Motor Sales Corporation, employer, did not except to and had not appealed from the award of the North Carolina Industrial Commission in this case.  The objection was not sustained and plaintiff excepted.  On its appeal to the Supreme Court, plaintiff assigns as error so much of said judgment as recites that the cause was heard on the appeal of said defendant, and adjudges that sections 38 and 40 of the North Carolina Workmen's Compensation Act are not in violation of or repugnant to the due-process and equal-protection clauses of the 14th Amendment to the Constitution of the United States.

Both defendants, in apt time, objected to the foregoing judgment, for that there was error therein in adjudging that sections 38 and 40 of the North Carolina Workmen's Compensation Act, as construed and applied in this case by the North Carolina Industrial Commission, are not in violation of or repugnant to the due-process and equal-protection clauses of the 14th Amendment to the Constitution of the United States. The objection was not sustained, and both defendants excepted.  On their appeals to the Supreme Court, each assigns as error the holding by the court that 'said sections 38 and 40, of the North Carolina Workmen's Compensation Act, as construed and applied by the North Carolina Industrial Commission in this case, is not in violation of or repugnant to the due-process and equal-protection clauses of the 14th Amendment to the Constitution of the United States and the judgment in accordance with such holding.

From the judgment of the Superior Court, plaintiff and both defendants appealed to the Supreme Court.

*Coulter & Cooper for plaintiff.*
*R. M. Robinson for defendants.*

CONNOR, J. This cause is founded upon a claim filed by the plaintiff as administrator of Willie Gant, deceased, on 17 March, 1930, with the North Carolina Industrial Commission, against the defendant, Henry Motor Sales Corporation, as employer of Willie Gant at the date of his death, and against the defendant, Hartford Accident & Indemnity Company, as the insurance carrier for its codefendant, for compensation under the provisions of the North Carolina Workmen's Compensation Act. Chapter 120, Public Laws of N. C., 1929.

At the request of the plaintiff, and after notice as required by the statute to each of the defendants, the cause was heard at Greensboro, N. C., by Commissioner Dorsett, who found the facts and made his award thereon, on 20 April, 1930. The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, was filed with the record of the proceedings, and a copy of the award duly sent to each of the parties to the cause as required by the statute, section 58. No application was made to the Commission by the defendant, Henry Motor Sales Corporation, for a review of the award made by Commissioner Dorsett, as authorized by the statute, section 59. The award of Commissioner Dorsett, which was duly filed with the full Commission, was therefore conclusive and binding on the defendant, Henry Motor Sales Corporation, section 60, chapter 120, Public Laws 1929.

On 23 April, 1930, the defendant, Hartford Accident & Indemnity Company, applied to the North Carolina Industrial Commission for a review by the full Commission of the findings of fact and conclusions of law upon which the award made by Commissioner Dorsett was founded. Pursuant to this application, the cause was heard by the full Commission, which approved and confirmed the findings of fact and conclusions of law made by Commissioner Dorsett, and thereupon the Commission made its award on 23 June, 1930. The defendant, Henry Motor Sales Corporation, did not appear at the hearing before the full Commission, nor did it except to or appeal from its award to the Superior Court of Guilford County.

The defendant, Henry Motor Sales Corporation, had no standing in the Superior Court of Guilford County, as an appellant or otherwise, on the hearing of the appeal of the defendant, Hartford Accident & Indemnity Company, to said court. This appeal was taken only by the defendant, Hartford Accident & Indemnity Company. This defendant, upon the facts found by the North Carolina Industrial Commission, under the provisions of section 71 of chapter 120, Public Laws 1929, was directly liable to plaintiff, if plaintiff is the person entitled to compensation under the provisions of the statute. It had the right,

under the statute, to appeal from the award made against it by the Commission to the Superior Court. Its appeal, however, conferred no right on the defendant, Henry Motor Sales Corporation, to be heard in the Superior Court of Guilford County or in this Court, for the reason that said defendant did not except to or appeal from the award of the North Carolina Industrial Commission in this cause. In *Bynum v. Turner et al.*, 171 N. C., 86, 87 S. E., 975, it was held that where a personal judgment was rendered against a defendant, who did not appeal, the judgment could not be reviewed on appeal by another defendant, but is valid and conclusive as to the defendant, who did not appeal. This principle is applicable in the instant case, and in accordance therewith, the appeal of the defendant, Henry Motor Sales Corporation, to this Court from the judgment of the Superior Court of Guilford County is dismissed. See, also, *Hannah v. Hyatt*, 170 N. C., 634, 87 S. E., 517; *Westfelt v. Adams*, 159 N. C., 409, p. 425, 74 S. E., 1041.

In its application to the full Commission for a review of the award made in this cause by Commissioner Dorsett, the defendant, Hartford Accident and Indemnity Company, set out specifically the grounds upon which it asked for such review. Its contentions based upon these grounds were not sustained by the full Commission. It did not present to the full Commission its contention made for the first time in the Superior Court on its appeal from the award of the Commission, that sections 38 and 40 of the North Carolina Compensation Act, as construed and applied in this case, are in contravention of the prohibitions of the 14th Amendment to the Constitution of the United States. This contention was first made in its notice of appeal from the award, dated 1 July, 1930. For this reason, upon well settled principles governing the exercise of its jurisdiction by an appellate court, such as the Superior Court of Guilford County was in this case, the said defendant was not entitled to be heard on this contention, and it was error for the judge of the Superior Court to hear and decide the question involved in the contention. His jurisdiction, as an appellate court, was restricted to the consideration of questions of law which had been duly presented and decided by the North Carolina Industrial Commission. As the said Commission did not hear or decide the only question of law presented by defendant, as appellant, to the judge of the Superior Court, so much of his judgment as holds that sections 38 and 40 of the North Carolina Workmen's Compensation Act, as construed and applied in this case, is not in violation of the prohibition of the 14th Amendment to the Constitution of the United States, should be stricken out.

The question as to whether under the provisions of sections 38 and 40 of the North Carolina Workmen's Compensation Act, as properly

construed, the administrator of a deceased employee, who left no persons partially or wholly dependent on him for support, is entitled to compensation as provided by said act was presented to this Court in *Reeves v. Parker-Graham-Sexton, Inc.,* 199 N. C., 236, 154 S. E., 66. It was there held that where the death of an employee is compensable under the provisions of the act, and such deceased employee has no dependents, the compensation is payable to his personal representative for the benefit of his next of kin.

Whether in any event, an insurance carrier, who has voluntarily assumed liability to an employee for compensation from his employer, under the provisions of the North Carolina Workmen's Compensation Act, in consideration of a premium paid by the employer, can challenge the validity of any provisions of the act, on the ground that such provision is in violation of some prohibition of the Federal or State Constitution, is at least debatable. However, the principle is well established that courts never anticipate a question of constitutional law in advance of the necessity of deciding it. *Goldsboro v. Supply Co.,* 200 N. C., 405, 157 S. E., 58, and cases cited. The constitutionality of sections 38 and 40 of the North Carolina Workmen's Compensation Act, as construed and applied in this cause, is not presented on this record. We do not, therefore, decide the question presented by the appellant, Hartford Accident & Indemnity Company, by its assignment of error.

In accordance with this opinion, the judgment is modified by striking therefrom so much thereof as adjudges that sections 38 and 40 of the North Carolina Workmen's Compensation Act is valid and legal; as thus modified, the judgment is affirmed.

Modified and Affirmed.