LAWRENCE COLLINS, Employee v. DAVID L. GARBER, Alleged Employer; TRANSAMERICA INSURANCE COMPANY, Alleged Carrier; and/or PAUL E. BLEILE COMPANY, Alleged Employer; STATE AUTOMOBILE INSURANCE COMPANY, Alleged Carrier

No. 8410IC156

(Filed 5 February 1985)

**Master and Servant § 95 — workers' compensation — award by Commission — no standing of insurer to appeal**

Where there was a question as to whether a contractor and its insurer or a subcontractor and its insurer were required to pay workers' compensation, and a deputy commissioner and subsequently the Full Industrial Commission rendered decisions ordering the subcontractor and its insurer, Transamerica,

to pay the compensation, but Transamerica did not appear at the hearing before the deputy commissioner or the Full Commission, Transamerica did not have standing in the Court of Appeals to bring this appeal, and there was no merit to Transamerica's contention that it did not have notice of the hearings where there was evidence of return receipt from the U.S. Postal Service indicating notice to defendant subcontractor from the N.C. Industrial Commission; pursuant to G.S. 97-97, notice of the injury given to an employer is deemed notice to the insurer; there was evidence that the opinion and award filed by the deputy commissioner was forwarded to Transamerica by certified mail, return receipt requested on 5 November 1982 and that it was delivered on 16 November 1982; Transamerica, in a letter to the Chairman of the Industrial Commission, acknowledged that documents from the Commission were being sent to and received by Transamerica, though not by the claims department; and no application was made to the Full Commission by Transamerica for a review of the award rendered by the Commission.

APPEAL by defendant, Transamerica Insurance Company, from the North Carolina Industrial Commission. Opinion and Award filed 22 August 1983. Heard in the Court of Appeals 26 October 1984.

Plaintiff, employed by defendant Garber & Son, Inc. (hereinafter Garber), was injured on 12 July 1981 by an accident arising out of and in the course of his employment. The claim for workers' compensation was originally heard before Deputy Commissioner Morgan Scott on 2 August 1982. However, defendant Paul E. Bleile and its insurance carrier, State Automobile Insurance Company moved that Transamerica Insurance Company (hereinafter Transamerica) be added as a party-defendant citing documents in their possession that indicated Garber was insured by Transamerica as the grounds. The motion was granted on 2 August 1982. The matter was then reset for hearing on 9 September 1982. The record reveals a notice of the hearing was received by defendant-employer Garber on 17 August 1982, as evidenced by a postal receipt number and a return receipt received by the Commission on 9 September 1982.

A hearing was held on 9 September 1982 which was attended by plaintiff, plaintiff's attorney, and Mr. Dayle Flammia, attorney appearing and representing defendant Paul E. Bleile and State Automobile Insurance Company. Neither defendant Garber nor defendant Transamerica was present or represented by counsel at the hearing. From evidence received at the hearing, Deputy Commissioner Sellers rendered an opinion and award on 4 November

1982 releasing defendants Bleile and State Automobile Insurance Company from liability, while ordering defendants Garber and Transamerica to pay workers' compensation benefits to the injured plaintiff.

On 23 November 1982, plaintiff gave Notice of Appeal to the Full Commission for the limited review of the order releasing defendants Bleile and State Automobile Insurance Company. Plaintiff requested an order holding defendants Bleile and State Automobile Insurance Company secondarily liable in the event defendants Garber and Transamerica were not liable for plaintiff's injuries. Defendants Garber and Transamerica did not appeal from the order of the Deputy Commissioner. Plaintiff's case was heard before the Full Commission on 18 August 1983, but defendants Garber and Transamerica were not in attendance. On 22 August 1983, the Full Commission entered its order affirming and adopting as its own the opinion and award rendered by Deputy Commissioner Sellers. Thereafter, defendant Transamerica entered a Notice of Appeal to this Court.

*Tate, Young, Morphis, Bogle, Bach and Farthing, by Edwin G. Farthing, for defendant appellant.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and Dayle A. Flammia, for defendant appellees.*

JOHNSON, Judge.

The issue confronting us is not whether plaintiff's injury is compensable, for all parties have stipulated that it is. The issue lies as to which defendant is to pay the compensation, the contractor and its insurer or the subcontractor and its insurer. Deputy Commissioner Sellers and the Full Commission have rendered decisions ordering the subcontractor Garber and its insurer Transamerica to pay the compensation. Transamerica, who did not appear at the hearing before Deputy Commissioner Sellers nor the Full Commission, seeks now to appeal the order and award of the Full Commission. We hold that defendant Transamerica does not have standing in this Court to bring this appeal.

This case presents facts strikingly similar to the facts presented in *McPherson v. Motor Sales Corp.*, 201 N.C. 303, 160 S.E. 283 (1931), *appeal dismissed*, 286 U.S. 527, 76 L.Ed. 1269, 52

S.Ct. 499 (1932). *McPherson* was also a workers' compensation case filed before the North Carolina Industrial Commission. After notice was given to each defendant, the cause was heard before Commissioner Dorsett, who found facts and made an award in favor of the plaintiff. The award, together with a statement of findings of fact, rulings of law, and other matters pertinent to the questions at issue, was filed with the record of the proceedings, and a copy of the award was duly sent to each of the parties. No application was made to the Commission by the defendant-employer, Henry Motor Sales Corporation, for a review of the award rendered by the Commissioner. Defendant, Hartford Accident & Indemnity Company, applied to the North Carolina Industrial Commission for a review by the Full Commission of the findings of fact and conclusions of law upon which the award made by Commissioner Dorsett was founded. The defendant-employer, Henry Motor Sales Corporation, did not appear at the hearing before the Full Commission, nor did it except to or appeal from its award to the Superior Court of Guilford County.[1]

The Court held that the defendant, Henry Motor Sales Corporation, had no standing in the Superior Court of Guilford County, as an appellant or otherwise, on the hearing of the appeal of defendant, Hartford Accident & Indemnity Company, to said court. Its appeal conferred no right on the defendant, Henry Motor Sales Corporation, to be heard in the Superior Court of Guilford County or in the Supreme Court, for the reasons that said defendant did not except to or appeal from the award of the North Carolina Industrial Commission in the cause. The Court, therefore, dismissed the appeal of the defendant, Henry Motor Sales Corporation.

We are confronted with the same situation. The plaintiff, in the instant case, filed a claim with the North Carolina Industrial Commission. Deputy Commissioner Sellers made findings of fact and rendered an award in favor of the plaintiff. Defendant Transamerica contends it did not have notice of this hearing. We find that both defendants, Garber and Transamerica, had notice of the hearing before Deputy Commissioner Sellers. First, there is

---

1. The Legislature in a 1967 amendment gave appellate jurisdiction over decisions of the Industrial Commission to the Court of Appeals. Formerly the Superior Court had appellate jurisdiction.

evidence that defendant David L. Garber received notice of the injury and the hearing on 17 August 1982. This is evidenced by return receipt from the U. S. Postal Service indicating notice delivered to defendant Garber from the North Carolina Industrial Commission. Pursuant to G.S. 97-97, notice to or acknowledgment of the occurance of the injury on the part of the insured employer shall be deemed notice or knowledge as the case may be, on the part of the insurer; that jurisdiction of the insured . . . shall be jurisdiction of the insurer. Second, there is evidence in the record that the opinion and award filed by Deputy Commissioner Sellers on 4 November 1982 was forwarded to defendant Transamerica by certified mail, return receipt requested on 5 November 1982 and that it was delivered on 16 November 1982. Third, defendant Transamerica, in a letter to Chairman Stephenson of the Industrial Commission, acknowledges documents from the Commission were being sent and received by Transamerica, they were not being received by the claims department. From this evidence we are compelled to find defendant Transamerica received notice of the hearings before the Deputy Commissioner and the Full Commission.

The award and opinion of the Deputy Commissioner was sent to defendant Transamerica; however, no application was made to the Full Commission by defendant Transamerica for a review of the award rendered by the Commissioner. Plaintiff-employee Collins applied to the North Carolina Industrial Commission for a review by the Full Commission of the order by Deputy Commissioner Sellers releasing defendants Bleile and State Automobile Insurance Company from liability, but this appeal conferred no rights upon defendant Transamerica to be heard in this Court. Defendant Transamerica did not appear at the hearing before the Full Commission.

The award of Deputy Commissioner Sellers, which was duly filed with the Full Commission, was therefore conclusive and binding on defendant Transamerica. *McPherson, supra.* Defendant Transamerica does not have standing to bring this suit, therefore this appeal is dismissed.

Appeal dismissed.

Judges WHICHARD and PHILLIPS concur.