STROUD, Judge.
 

 Plaintiff appeals from an opinion and award denying her additional compensation because she failed to file a claim against her employer's insurance company. Because plaintiff timely filed her claim for her back injury against her employer, the Industrial Commission erred in denying her claim due to her failure to file a claim against a specific insurance company. Plaintiff's claim is against her employer; her employer has the statutory obligation to maintain workers'
 

 *506
 
 compensation insurance and is responsible for work-related compensable injuries. Any dispute plaintiff's employer may have with its insurers is not relevant to the validity of plaintiff's claim against her employer. We therefore reverse and remand for further proceedings.
 

 I. Background
 

 Plaintiff sustained a lower back injury while working for defendant-employer as a nurse in 2007; plaintiff filed a workers' compensation claim, and defendant-employer admitted plaintiff's right to compensation. In 2008, plaintiff filed Form 28B and requested additional compensation for her 2007 injury. Over the course of the next five years, plaintiff had several other incidents at work which exacerbated her back injury, with no dispute as to whether these were compensable injuries, and defendant-employer continued to provide medical compensation, until plaintiff eventually returned to full duty work.
 
 [1]
 
 During this five year period, defendant-employer's insurance company changed at least twice. In January of 2012, plaintiff again "sustained another injury" to her back at work and "was diagnosed with recurrent lumbar pain[.]" Plaintiff returned to Dr. Maxy, who had treated her starting in 2007 for her lower back injury. As the Commission found,
 

 Dr. Maxy examined Plaintiff, and given that she had failed conservative treatment, he referred her for a new MRI. Plaintiff had been out of work, and he continued light duty work until she could be re-evaluated.
 

 38. Plaintiff was out of work from January 14 through February 9, 2012 due to the January 12, 2012 accident and injury.
 

 39. After Dr. Maxy referred Plaintiff for a lumbar MRI on February 3, 2012, Plaintiff requested that Synergy authorize the MRI. Upon Synergy's refusal to authorize the MRI and treatment, Plaintiff filed a Motion to compel authorization, to which Synergy responded in opposition. Synergy pointed out that Plaintiff was required to file a new claim against United Heartland considering that she had sustained an injury to her low back on January 12, 2012.
 

 40. Plaintiff never underwent the MRI recommended by Dr. Maxy on February 3, 2012.
 

 In September of 2014, defendants filed a Form 33 requesting that plaintiff's claim be assigned for hearing because they "dispute[d] that Plaintiff's low back condition since January 12, 2012 is causally related to the accident and injury of April 10, 2007[;]" defendants did not contest that plaintiff was injured in 2012 but rather whether the 2012 injury was related to her 2007 injury. In response, on 15 September 2014, plaintiff filed a Form 33R stating that "Plaintiff contends that her back condition since January 12, 2012 is causally related to the accident and injury of April 10, 2007."
 

 In 2007, defendant-employer's insurance company was defendant Key Risk Insurance Company, the named defendant-insurer in this appeal. But in 2012, defendant-employer's insurance company was United Wisconsin Insurance Company/United Heartland Insurance Company ("United Heartland") which is not a party on appeal. Thus, defendants argued that United Heartland was not liable for plaintiff's 2012 injury because it was a new injury, not related to the 2007 injury, and defendant Key Risk was not the insurer at the time of the 2012 injury.
 

 Thereafter, in November of 2014, defendant Key Risk moved to add United Heartland as a party-defendant because "Plaintiff had long ago recovered by the time the January 2012 incident occurred[,]" and therefore United Heartland was the proper named insurer for the new 2012 injury. In December of 2014, United Heartland responded to defendant
 
 *507
 
 Key Risk's motion and requested it be denied because plaintiff had not filed for compensation against United Heartland within two years of the 2012 injury, and under North Carolina General Statute § 97-24, her "right to compensation expire[d]" for want of jurisdiction.
 

 To be clear, United Heartland did not contest that plaintiff had filed a proper claim for her 2012 injury with defendant-employer, but rather contended that plaintiff was required to name United Heartland specifically as the insurer within the two-year period to file a valid claim. The Commission denied defendant Key Risk's motion to add United Heartland as a party. The order did not give any rationale for the denial but stated only: "IT IS HEREBY ORDERED that Key Risk Insurance Company's Motion to Add United Wisconsin Insurance Company/United Heartland Insurance Company is DENIED at this time. NO COSTS are assessed at this time." This order is not before us on appeal.
 

 On 31 May 2016, the Full Commission of the North Carolina Industrial Commission entered an opinion and award regarding plaintiff's workers' compensation claim, addressing only plaintiff's request for additional compensation arising from her 2007 injury. The issue to be determined, as stated in the opinion and award, was "[w]hether Plaintiff's current low back condition is causally related to the low back injury she sustained on April 10, 2007 such that Key Risk Insurance Company has ongoing liability?" The Full Commission made many findings of the history of plaintiff's injuries and treatment since 2007 and seven conclusions of law which demonstrate the Full Commission determined plaintiff sustained a work-related injury in January of 2012, but it did
 
 not
 
 determine that the 2012 injury "was caused by her" April 2007 injury. The Full Commission ultimately determined "Plaintiff's current back condition was caused by her January 12, 2012 injury, not her April 10, 2007 injury." The Commission concluded,
 

 The preponderance of the evidence in view of the entire record shows that Plaintiff's current back condition is related to the January 12, 2012 accident that materially aggravated a preexisting back condition. Defendant Key Risk was not the carrier for Employer-Defendant on this date. When an employee with a preexisting condition suffers an injury by accident arising out of and in the course of her employment, and the injury materially accelerates or aggravates the preexisting infirmity and thus proximately contributes to the disability of the employee, the injury is compensable.
 
 Anderson v. Northwestern Motor Co.
 
 ,
 
 233 N.C. 372
 
 ,
 
 64 S.E.2d 265
 
 (1951). The January 12, 2012 accident was a separate accident that materially aggravated Plaintiff's preexisting back condition, and she could have filed a new workers' compensation claim against United Heartland, who was Employer-Defendant's workers' compensation insurance carrier on January 12, 2012. Plaintiff's current back condition was caused by her January 12, 2012 injury, not her April 10, 2007 injury. Therefore, Key Risk is not liable for disability compensation or medical expenses related to Plaintiff's current back condition.
 

 Id.
 

 The Full Commission ultimately concluded that plaintiff's claim for further compensation failed because
 

 [t]he right to compensation under the North Carolina Workers' Compensation Act is forever barred unless a claim is filed with the Commission or the employee is paid compensation within two years after the accident. N.C. Gen. Stat § 97-24. Plaintiff had two years from January 12, 2012, or through January 12, 2014, to file a claim
 
 against United Heartland
 
 . Plaintiff failed to file a claim and is thus barred.
 
 N.C. Gen. Stat. § 97-24
 
 .
 

 (Emphasis added.) Thus, the Commission ultimately determined plaintiff's claim was barred because she had not brought a timely claim
 
 against the insurer
 
 , United Heartland. Plaintiff appeals.
 

 II. Named Insurer
 

 On appeal, plaintiff argues she timely filed her claim against her employer and was not required to name a specific insurance company. There is no real dispute about the relevant facts of plaintiff's injuries, and as framed by the Commission, the issue of whether plaintiff was required by statute to
 
 *508
 
 specifically name the proper insurance company of her employer is a question of law, which we review
 
 de novo
 
 .
 
 See
 

 Moore v. City of Raleigh
 
 ,
 
 135 N.C. App. 332
 
 , 334,
 
 520 S.E.2d 133
 
 , 136 (1999) (citation and quotation marks omitted) ("The Industrial Commission's conclusions of law are reviewable
 
 de novo
 
 by this Court.")
 

 Since this case presents a question of law, we note first that neither the Commission's opinion and award nor defendants' brief cited any law to support the proposition that the employee must bring a workers' compensation claim against a specific insurance carrier, nor can we find any such law. The Commission's findings and defendants' arguments focus throughout on the identity of the insurance carrier for defendant-employer on the various dates of plaintiff's back injuries and treatment. But North Carolina General Statute § 97-97 clearly places the responsibility for compensation for work-related injuries on the
 
 employer
 
 and provides that notice to the employer is notice to the carrier:
 

 All policies insuring the payment of compensation under this Article must contain a clause to the effect that,
 
 as between the employer and the insurer the notice to or acknowledgment of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge as the case may be, on the part of the insurer; that jurisdiction of the insured for the purposes of this Article shall be jurisdiction of the insurer
 
 , that the insurer shall in all things be bound by and subject to the awards, judgments, or decrees rendered against such insured employer, and that insolvency or bankruptcy of the employer and/or discharge therein shall not relieve the insurer from the payment of compensation for disability or death sustained by an employee during the life of such policy or contract.
 

 N.C. Gen. Stat. § 97-97
 
 (2007) (emphasis added). In
 
 Collins v. Garber
 
 , our Court stated that "[p]ursuant to 97-97, notice to or acknowledgment of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge as the case may be, on the part of the insurer; that jurisdiction of the insured shall be jurisdiction of the insurer."
 
 72 N.C. App. 652
 
 , 656,
 
 325 S.E.2d 21
 
 , 23 (1985) (ellipses omitted).
 

 North Carolina General Statute § 97-22 provides that
 

 [e]very injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the
 
 employer
 
 a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Article prior to the giving of such notice ....
 

 N.C. Gen. Stat. § 97-22
 
 (2007) (emphasis added). There is no question that plaintiff timely gave notice of "the occurrence" of her back injury in 2012 to defendant-employer, even if she identified the wrong insurance carrier.
 

 Id.
 

 Whether the 2012 injury was a new injury or an exacerbation of her prior 2007 injury, her employer was the same at all times, and her employer was provided prompt notice of each and every incident.
 

 Since we can find no cases addressing this point beyond
 
 Collins
 
 ,
 
 72 N.C. App. at 656
 
 ,
 
 325 S.E.2d at 23
 
 , we turn to the Industrial Commission's own standard forms and find they also reflect the necessity for the employee to notify the
 
 employer
 
 of a claim, but place the burden of identification of the proper insurance carrier on the employer and Industrial Commission. For example, Form 18 requires the employee to name the employer, but the instructions accompanying the form, the "General Information on the Form 18" note the following:
 

 4. What if I do not know who my employer's insurance carrier is?
 

 If you do not know who the employer's insurance carrier is you may either ask your employer for the information, call the Industrial Commission's Claims Administration Section at (800) 688-8349 then press "1" after the prompt, or simply leave the line blank.
 

 The employee's correct identification of the employer's insurance carrier is not a jurisdictional requirement of a workers' compensation claim.
 

 *509
 
 Defendants argue that "Plaintiff misconstrues the case law on specific traumatic incident" and notes that
 

 [t]he Workers' Compensation Act treats back injuries differently than other injuries. While most injuries must occur as a result of an accident,
 

 [w]ith respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.
 

 N.C. Gen. Stat. § 97-2
 
 (6) (2016). This Court has confirmed that that (sic) a specific traumatic incident which aggravates a pre-existing condition is compensable.
 
 Goforth v. K-Mart Corp.
 
 ,
 
 167 N.C. App. 618
 
 , 622-23,
 
 605 S.E.2d 709
 
 , 713 (2004). Our legislature has already liberalized the Act to include an aggravation of a preexisting back injury without the need of an accident. As such, an employee may suffer several continuous compensable injuries merely by successively aggravating one original injury, whether or not that original injury was compensable.
 

 Once a successive back injury occurs which aggravates the pre-existing injury, the
 
 employer becomes responsible both for any new injury and the aggravation of the previous injury
 
 .
 

 (Emphasis added.)
 

 Defendants then note that plaintiff sustained a back injury on 7 August 2010 and filed a Form 18 which listed Builders Insurance/Synergy as the insurer, and Builders Insurance admitted liability for the back injury; this admission would have included "acceptance of the aggravation of any previous back injuries [;]" but the Commission did not make this finding. The Full Commission found that plaintiff settled her claim for the 2010 injury, but also found that the 2010 incident also involved her neck and shoulders, not only her back. In any event, the Commission did not determine that plaintiff had entered into a full and final settlement with Builders Insurance/Synergy which would have barred her from any claim for exacerbation of her lower back condition; the Commission simply determined that plaintiff brought her claim against the wrong insurance carrier since it determined that she sustained a new back injury in 2012.
 

 But ultimately we agree with defendants' assertion that "[o]nce a successive back injury occurs which aggravates the pre-existing injury, the employer becomes responsible both for any new injury and the aggravation of the previous injury[;]" the
 
 employer
 
 is responsible either way. The Commission's findings support plaintiff's claim that she sustained a compensable back injury in 2012 and the defendant-employer had immediate notice of this injury. The defendant-employer is responsible for compensation for the plaintiff's back injury and plaintiff need only notify her employer under North Carolina General Statute § 97-97.
 
 See
 

 N.C. Gen. Stat. § 97-97
 
 . Any dispute defendant-employer may have with its insurance carriers as to coverage of its liability for plaintiff's injury is beyond the scope of this appeal. Because portions of the Commission's order were based upon an error of law, we reverse and remand.
 

 III. Conclusion
 

 For the foregoing reasons, we reverse and remand for further proceedings.
 

 REVERSED and REMANDED.
 

 Chief Judge McGEE and Judge TYSON concur.
 

 [1]
 

 Plaintiff also reported and was treated for a work-related incident which injured her neck and shoulders at work on 7 August 2010, and she was in an automobile accident in December 2010 which mildly increased her neck pain. In 2012, "Plaintiff entered into a full and final settlement agreement with Synergy Coverage Solutions [,the employer's insurance carrier in 2010,] regarding the August 7, 2010 incident." According to the Commission's findings, the 2012 incident in question in this appeal involved her low back, just as the 2007 back injury did. In 2015, plaintiff also sustained another work-related injury to her neck which is the subject of another workers' compensation claim not at issue before us.